JONES v. HUFF, General Superintendent, D. C. Penal Institutions.

No. 8932.

United States Court of Appeals District of Columbia.

Argued Oct. 17, 1945.

Decided Nov. 26, 1945.

Mr. John D. Fitzgerald (appointed by this court), of Washington, D. C., for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, of Washington, D. C., was on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

The court below denied a petition for habeas corpus without a hearing. Petitioner alleged that he was confined to the penal institution at Lorton, Virginia, after judgment of conviction and sentence by the District Court on October 18, 1943, upon a charge of forgery. Among other allegations, he says that his attorney, who was not his present attorney,[1] was incompetent in his defense and that thereby his rights under the "Fourth Amendment of the Constitution" and under the "Civil Rights Statute—Title 18, Sec. 52" were violated. Specifically, he says that after his arrest he denied the charge against him, "but under what is known in Police circles as the Third Degree of questioning the petitioner was forced to state that he had forged the checks in question. Petitioner only made this statement so that the detective would leave him alone." He says that this testimony "which was forced from your petitioner was used against your petitioner at the time of his trial", and that his attorney failed to object "when the forced confession of the accused was offered by the government as evidence against the accused when he knew full well that this evidence was inadmissible at the time of the trial."

---

[1] It appeared upon the oral argument in this court that the attorney had been chosen and employed by the petitioner.

He further says that he gave to his attorney the names and addresses of several persons who could prove that he was not guilty of the charge against him, and that the attorney refused to call these witnesses. He says that he requested his attorney to have a handwriting expert present at the trial in order that he might prove his innocence of the charge of forgery, but that the attorney offered no defense.

Petitioner further says that during the trial the jury asked the court for "the sample of petitioner's handwriting which they wanted for comparison with the forged instrument", and that this request was refused by the court.[2] Apparently petitioner intended to include this latter allegation as part of his allegation as to the incompetency of his attorney.

The petition is not expertly drawn, but it alleges in substance that the attorney for the defendant (1) failed to object to the admission in evidence of a confession which had been forced by "Third Degree" methods, (2) failed to call witnesses who would have established the innocence of the accused, and (3) failed to take such steps as would have permitted the jury to see a sample of the defendant's handwriting. after a request for this evidence had been made by a juror.

The question which is here presented has been examined by this court twice recently, once in Diggs v. Welch, 148 F.2d 667, decided Feb. 26, 1945,[3] and again in Strong v. Huff, 148 F.2d 692, decided April 23, 1945.[4] In those cases it was pointed out that the presumption in favor of the regularity of judicial proceedings must be fully indulged, that mere mistakes of counsel cannot be reviewed upon a petition for habeas corpus, and that to justify a writ upon allegations such as these, an extreme case must be disclosed. The court said [148 F.2d 669], "It must be shown that the proceedings were a farce and a mockery of justice." At the same time, the court pointed out that there must be "effective" representation.[5]

The rule laid down in those cases is a stringent one, but we apply it in this case. The question is whether the allegations of this petition, if taken as true, show that the proceedings upon the trial "were a farce and a mockery of justice." If it be true that the evidence against the accused was improperly admitted in violation of his Constitutional right, that witnesses who would have established his innocence were not called by his counsel, that no defense was offered by counsel although the accused was innocent, and that a document which would have established his innocence was not offered by counsel even though a juror requested it, can it be said that the accused had a fair trial even within the stringent rule which we have stated and now apply? We think not. The combination of circumstances, if true, is exceptional. The allegations are improbable, but if they be true, it seems clear that the petitioner did not have a trial as we understand that term. These were not mere mistakes of counsel or errors in the course of the trial. If true, they constituted a total failure to present the cause of the accused in any fundamental respect. Such a proceeding would not constitute for the accused the fair trial contemplated by the due process clause of the Fifth Amendment.

There can be no doubt but that cases of this sort raise questions of extreme difficulty in the administration of justice. As this court pointed out in Diggs v. Welch, supra, it is well known that the drafting of petitions for habeas corpus has become a game

---

[2] It appeared upon the oral argument in this court that the request of the juror was made after the case had been submitted to the jury, but before the jury left the room, and was denied by the trial court because the requested paper was not in evidence.

[3] Certiorari denied, 65 S.Ct. 1576.

[4] Certiorari denied, 66 S.Ct. 165.

[5] Cf. Glasser v. United States, 315 U.S. 60, 76, 62 S.Ct. 457, 86 L.Ed. 680; Johnson v. United States, 71 App.D.C. 400, 110 F.2d 562; Thomas v. District of Columbia, 67 App.D.C. 179, 90 F.2d 424. Mr. Justice Frankfurter recently said (concurring opinion in Malinski v. People of State of New York, 324 U.S. 401, 416, 65 S.Ct. 781, 789, 89 L.Ed. ——) respecting a review upon certiorari of a criminal conviction: "The exact question is whether the criminal proceedings which resulted in his conviction deprived him of the due process of law by which he was constitutionally entitled to have his guilt determined. Judicial review of that guaranty of the Fourteenth Amendment inescapably imposes upon this Court an exercise of judgment upon the whole course of the proceedings in order to ascertain whether they offend those canons of decency and fairness which express the notions of justice of English-speaking peoples even toward those charged with the most heinous offenses."

in many penal institutions, and the opportunity to try an unsuccessful former lawyer has undoubted attraction to a disappointed prisoner. A rule of procedure more flexible than is necessary to protect the basic right to the writ would impose an unbearable burden upon the trial courts and ultimately result in the defeat rather than the success of justice. But at the same time, the writ of habeas corpus is a precious factor in the preservation of our liberties and its effectiveness must be carefully preserved. Perjury, whether in a sworn petition or in testimony under oath, is not immune from effective punishment by the courts or from consideration by the Board of Indeterminate Sentence and Parole; and this is so even if the perjurer be a prisoner already under sentence of a term of years.

The procedure to be followed upon a petition for the writ is carefully prescribed by statute (R.S. 755 et seq., 28 U.S.C.A. § 455 et seq.), and the Supreme Court has recently fully discussed the subject (Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830). In the case at bar the District Court might have issued a rule to show cause in order to facilitate its determination as to whether issues of fact were really involved in the inexpertly drawn petition. If upon the petition, the return and the traverse, it appeared that substantial issues of fact were involved, which facts, if proved as alleged by the petitioner, would entitle him to release, the court would have had no choice but to grant a hearing. Even if the allegations in the petition are improbable and tax credulity, the petitioner has the right to support them by evidence. Walker v. Johnston, supra; Waley v. Johnston, 316 U.S. 101, 104, 62 S.Ct. 964, 966, 86 L.Ed. 1302.

■ The issue here was appropriately raised by petition for habeas corpus. The facts relied on were in part dehors the record, and, in addition, the failure to appeal may have been part of the incompetency otherwise particularized in the petition. The use of the writ "extends also to those exceptional cases where the conviction has been in disregard of the constitutional rights of the accused, and where the writ is the only effective means of preserving his rights." Waley v. Johnston, supra.

Included in the record is an exchange of letters between the District Court and a prominent attorney of the local bar, which appellee contends demonstrate that the allegations in the petition could not be proved and that the petition in itself was not sufficient. These letters show that the court forwarded to this attorney the letter which had been filed by the petitioner as his petition for a writ of habeas corpus, and requested the attorney "to investigate the statements made therein and report to the Court as to whether in your opinion there is any possible basis for the filing of a petition for a writ of habeas corpus * * *." The attorney replied that he had investigated the statements, had communicated with the petitioner and with some of the persons whose names were given by petitioner, and expressed grave doubt as to the petitioner's probable guilt, but said: "However, outside of these facts and questions, there is no technical reason for the issuance of a writ of habeas corpus." Later this attorney advised the court:

"Inasmuch as an issue of fact has been created in the letter when treated as a petition for habeas corpus, I believe it is the duty of the Court to ascertain whether or not the facts stated by petitioner are true."

Still later the attorney advised petitioner, with a copy to the court, "I am satisfied that a petition for writ of habeas corpus will be of no avail, and I do not believe the Court will allow the same to be filed."

■ The action of the court in designating competent counsel to take such steps as might seem advisable in protection of the rights of the petitioner was proper and fully within its discretion. But the views of counsel cannot be a substitute for the duty of the court to determine its action in respect to the writ from the petition itself, and such return and traverse as might have been filed by the respondent official.

Judgment below vacated and the cause remanded for further proceedings in conformity with this opinion.