**MAYE v. PESCOR, Warden.**

No. 13482.

Circuit Court of Appeals, Eighth Circuit.

Aug. 1, 1947.

Sidney Lorber, of Minneapolis, Minn. (appointed by Court), for appellant.

Earl A. Grimes, Asst. U. S. Atty., of Kansas City, Mo. (Sam M. Wear, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal in forma pauperis from a judgment dismissing a writ of habeas corpus. The appellant is seeking release from the custody of the Warden of the Medical Center for Federal Prisoners at Springfield, Missouri, in which he is confined and to which institution he was transferred by direction of the Attorney General from the United States Penitentiary at Terre Haute, Indiana, where he was serving a sentence imposed upon him in the Southern District of Indiana.

Appellant was arrested at Indianapolis, Indiana, on August 4, 1945, where an indictment in two counts was returned against him. The first count charged the violation of 18 U.S.C.A. § 408, which provides that "Whoever shall transport or cause to be transported in interstate or foreign commerce a motor vehicle, * * * knowing the same to have been stolen, shall be punished by a fine of not more than $5,000, or by imprisonment of not more than five years, or both." Count two charged violation of 18 U.S.C.A. § 409 for taking and carrying away certain goods and chattels of the approximate value of $15,000 while they were moving in interstate commerce, the prescribed penalty for which is a fine of not more than $5,000, or imprisonment for not more than ten years, or both.

When appellant was arraigned in the district court at Indianapolis on September 25, 1945, the court at his request appointed an attorney to represent him. Later on the same day after conferring with his attorney he entered a plea of guilty to both counts of the indictment. The court deferred sentence and directed the Probation Officer of the court to make an investigation and report. The appellant was again brought before the court at New Albany, Indiana, on October 15, 1945. Upon inquiry by the court he waived the presence of his attorney who was absent and was

sentenced to a term of four years in a penitentiary to be designated by the Attorney General.

In his petition for a writ of habeas corpus appellant alleged in substance: (1) That he was mentally incompetent at the time of his arraignment and plea on September 25, 1945; (2) that he was induced to sign a written statement or confession, on August 4, 1945, by an F.B.I. Agent by means of duress and misrepresentations; (3) that he was not accorded his rights under the Constitution to have the assistance of able and competent counsel; and (4) that he was the victim of a nefarious employer.

The warden filed a return to the petition in response to an order to show cause in which he related the proceedings terminating in the delivery of appellant into his custody at the Medical Center, and denied the truth of the charges alleged in the petition.

The petition came before the district court for the western district of Missouri on November 12, 1946, and a full hearing was had. Appellant appeared, was represented by counsel, and testified in his own behalf. At this hearing appellant abandoned the charge that he was the victim of a nefarious employer. The government introduced the testimony of the attorney appointed by Judge Baltzell to represent appellant at his arraignment in Indianapolis, the testimony of Edwin P. Kirkendahl who wrote out appellant's confession on August 4, 1945, and the testimony of Eugene Burns, the probation officer who directed the pre-sentence investigation and made a report to the court.

After the hearing the court made findings of fact and entered judgment dismissing the petition. In substance the court found that prior to his arraignment appellant voluntarily, with full understanding and without coercion, signed a written confession of guilt in the presence of Edwin P. Kirkendahl; that counsel appointed by the court to represent appellant at the time of his arraignment advised him of his legal and constitutional rights and that appellant intelligently and with full knowledge of his rights entered a plea of guilty

to both counts of the indictment; and that after the pre-sentence report of the probation officer appellant was lawfully sentenced.

■ No useful purpose would be served by reviewing here the testimony produced at the hearing on the petition. We have carefully examined all the evidence and it abundantly supports the findings of the court. The burden was upon appellant to establish some or all of the charges in his petition, and this he failed to do. By his own admissions on cross-examination the statements recited in his written confession were true. We shall consider, therefore, briefly the points suggested by counsel assigned by this court to prosecute the appeal.

It is first argued that "Under the facts presented to the original trial court, to the United States Attorney and to the appointed defense counsel, it does not appear that Early Maye had committed any crime."

■ In regard to this argument it will be observed that the hearing on habeas corpus is not a substitute for the functions of the trial court. Pelley v. Botkin, 80 U.S. App.D.C. 251, 152 F.2d 12. The question of guilt or innocence was not an issue at the hearing. The evidence introduced at the hearing was relevant to the issues presented by the petition for the writ of habeas corpus and only incidentally to the allegations of the indictment. The record does not purport to set out all the facts presented to or known by the United States Attorney, and we can not go outside the record for the facts. Conklin v. Cozart, Warden, 5 Cir., 158 F.2d 676. The plea of guilty admitted all the facts charged in the indictment. The appellant's constitutional rights only were involved in the hearing on habeas corpus and they are the only rights to be considered on this appeal. Hood v. United States, 8 Cir., 152 F.2d 431; Garrison v. Hunter, 10 Cir., 149 F.2d 844; Sanders v. Sanford, 5 Cir., 138 F.2d 415.

In the second place appellant contends that he was denied his rights under the Fifth and Sixth Amendments to the Constitution in that he was denied the assistance of competent counsel.

■■ To justify a writ of habeas corpus on the ground of incompetency of an attorney an extreme case must be disclosed. Jones v. Huff, 80 U.S.App.D.C. 254, 152 F.2d 14; Berkoff v. Humphrey, 8 Cir., 159 F.2d 5, 7. Counsel appointed by a court to represent an accused is presumed to be competent, and the burden rests upon the petitioner to prove such incompetency. Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667.

■ The legal ability of counsel appointed by Judge Baltzell to assist appellant is not challenged. The inference to be drawn from the argument is that either by reason of counsel's neglect of duty or by reason of the court's want of due consideration appellant was denied the right of consultation and the counsel appointed did not prepare for trial or for the presentation of proper defenses at a trial. It is true that the mere appointment of counsel, no matter how able, for a defendant charged with commission of crime without opportunity to consult, advise or to make such preparation for arraignment and trial as the facts of the case fairly demand would be a travesty and would not satisfy the requirements of the Fifth and Sixth Amendments. Powell v. State of Alabama, 287 U.S. 45, 71, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Glasser v. United States, 315 U.S. 60, 70, 71, 74, 62 S.Ct. 457, 86 L. Ed. 680; Avery v. State of Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 84 L.Ed. 377.

■ Careful scrutiny of the record fails to reveal support for the contention here advanced. As indicated supra the evidence taken at the hearing abundantly supports the findings of the court in this regard. After consultation with his attorney, ample in view of the nature of the case, the appellant decided to enter a plea of guilty thus making unnecessary any preparation for trial. The appointed counsel was furnished a copy of appellant's written confession and in a conference in which the statements therein were discussed item by item appellant said each statement was true. And at the hearing the appellant on cross-examination again admitted the truth of these statements. The facts thus admitted to be true include the

644

facts alleged in the indictment. But it is said counsel's advice to enter a plea of guilty was unwise by reason of the fact that appellant was sentenced to four years' imprisonment. This contention overlooks the fact that counsel was not responsible for the sentence and that under the statute a fine of $10,000 and a sentence of 15 years' imprisonment might have been imposed.

Finally appellant argues that the writ should have been granted under the doctrine of the existence of exceptional circumstances showing the need of the remedy to be apparent, citing Bowen v. Johnston, 306 U.S. 19, 27, 59 S.Ct. 442, 83 L.Ed. 455, and United States ex rel. Kulick v. Kennedy, 2 Cir., 157 F.2d 811. The Bowen case was deemed to involve "exceptional circumstances" in that it involved a conflict between state and federal authorities on important questions of law. It is not in point here. In the Kulick case the Circuit Court of Appeals considered a change in the state of the law after Kulick's time for appeal had passed to be such an "exceptional circumstance" as to require the issuance of the writ. On certiorari to the Supreme Court the decision was reversed on the ground that his excuse for failure to appeal was not tenable. Alexander, Warden, v. United States ex rel. Kulick, 67 S.Ct. 1588.

The "exceptional circumstances" claimed to exist in the present case requiring the writ in order to achieve justice are that there exists a probability that appellant was not guilty and that the counsel appointed to represent him was incompetent. Clearly all probability of innocence is disposed of by an intelligent plea of guilty to a valid indictment under a constitutional statute; and we have discussed, supra, the charge that the attorney appointed for appellant was incompetent.

Since the burden was on the appellant to prove the allegations of his petition and the trial court after a full and fair hearing on findings supported by the evidence decided the issues against him, the judgment can not be reversed on appeal. Johnson v. Zerbst, 304 U.S. 458, 468, 469, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.

L.R. 357; Christakos v. Hunter, 10 Cir., 161 F.2d 692, 694.

The judgment appealed from is therefore affirmed.