## KRULL v. HIATT, Warden.

### No. 206.

District Court, M. D. Pennsylvania.

Nov. 13, 1947.

Petitioner pro se.

Charles W. Kalp, Asst. U. S. Atty., of Lewisburg, Pa. (Major Thayer Chapman JAGD, of Washington D. C., and Arthur A. Maguire, U. S. Atty., of Scranton, Pa., of counsel), for respondent.

FOLLMER, District Judge.

Petitioner, a military prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, has filed his application for a Writ of Habeas Corpus. It appears that he was absent without leave from June 3, 1944, to June 5, 1944, for which he was sentenced to forfeit twenty-five dollars ($25) of his pay and be restricted to Company Area for forty-five (45) days. He was again absent without leave from July 19, 1944, to July 28, 1944, and again sentenced to pay forfeiture of twenty dollars ($20) per month for three months.

and placed on labor detail without confinement for three months. On November 8, 1944, he again absented himself without leave until February 13, 1945. During this period he met a girl, and through the use of a forged document, purporting to be the consent of his commanding officer thereto, married her. Having been confined pending disposition of these later violations, he and another prisoner, on or about February 22, 1945, while out of the stockade, assaulted their guard, made him partly disrobe, and escaped, taking with them a watch and other property belonging to the guard as well as the gun and clothing belonging to the United States. From the time of his escape until his apprehension about March 17, 1945, he was naturally again absent without leave. The facts were undisputed and clearly warranted petitioner's conviction on the various charges for which he was court-martialed. Under Article of War 42, the designation of a penitentiary as the place of confinement was proper.

The petition raises two contentions. Petitioner alleges that "the evidence used against him is insufficient." While there is no merit in this claim, this is not in any event a question which may be properly raised in Habeas Corpus.[1] His remaining contention is the ever re-occurring charge of incompetency of counsel. He has introduced no evidence to sustain the charge and the record of the trial negatives it. At the hearing it developed that the petitioner's real complaint was that he was dissatisfied with the length of the sentence imposed.[2] Certainly the mere fact that the defendant was dissatisfied with the sentence he received is not a basis for an allegation that counsel was incompetent. If this were a criterion, it is doubtful whether any counsel who has ever lost a case could qualify. The charge of incompetency of counsel is a serious one, and should not be lightly made.[3]

The application for Writ of Habeas Corpus is accordingly denied and the rule to show cause dismissed.

---

[1] Ex parte Smith, D.C.M.D.Pa., 72 F. Supp. 935.

[2] Transcript of Record of Hearing, September 18, 1947, at pages 8 and 9.

"By the Petitioner: * · * * I did not have competent Counsel.

"By the Court: Let us hear a little bit about that; what was wrong with him?

"By the Petitioner: If he was competent Counsel he didn't show it.

"By the Court: When did you decide that?

"By the Petitioner: After I received this Courts Martial. I don't understand the law but I don't think it was legal to give me all this time for the charges stated in the Courts Martial.

* * * * * * *

"By the Petitioner: I had one Counsel, and I believe the Counsel I had at first was a competent Counsel, because he made a statement to me that I would get a right sentence. They dismissed this Counsel and appointed another Counsel and I had an interview with this Counsel and asked him if he was a competent Counsel. He told me he was not a competent Counsel but he would try to do the best he could for me. If he had been a competent Counsel these charges here would have been reversed because it says on the record two charges were committed on the same day and I don't see how they could be committed myself. The record shows that clearly, right there."

[3] Ex parte Smith, supra (and cases there cited); Maye v. Pescor, 8 Cir., 162 F.2d 641; Helms v. Humphrey, D.C., 63 F.Supp. 4; Jones v. Huff, 80 U.S.App.D. C. 254, 152 F.2d 14.