## MART v. LAINSON, Warden.

### No. 13749.

United States Court of Appeals
Eighth Circuit.

Sept. 27, 1948.

---

[7] See the first advertisement, footnote 3 supra.

[8] See the fifth paragraph of the second advertisement.

Carlos W. Goltz, of Sioux City, Iowa, for appellant.

F. E. VanAlstine, of Pocahontas, Iowa, and Don Hise, First Asst. Atty. Gen., of Iowa, for appellee.

Before SANBORN, WOODROUGH, and COLLET, Circuit Judges.

PER CURIAM.

This appeal is from an order of the United States District Court for the Southern District of Iowa denying an application for Writ of Habeas Corpus. The order denying the issuance of the writ was made upon examination of the application and a finding that the facts stated therein did not disclose one of those "rare cases where exceptional circumstances of peculiar urgency are shown to exist". Upon the request of Petitioner's counsel the trial court made a certificate of probable cause permitting this appeal.

A brief history of the proceedings antedating the present application is necessary to an understanding of the issues involved.

■ Petitioner was convicted in the State District Court of Iowa of assault with intent to commit manslaughter under an information charging assault with intent to commit murder and sentenced to serve five years in the Iowa State Penitentiary. That conviction was appealed to the Supreme Court of Iowa and affirmed on the merits January 8, 1946. State v. Mart, 237 Iowa 181, 20 N.W.2d 63. Petition for rehearing by that court was denied. Petitioner was confined thereafter in the Iowa State Penitentiary and is still so confined. In June 1947 he made application to the State District Court of Iowa for Writ of Habeas Corpus. The writ was issued and a hearing held. At the conclusion of the hearing the writ was quashed and an appeal from that order taken to the Supreme Court of Iowa. That court affirmed. Mart v. Lainson, 30 N.W.2d 305. Petitioner thereupon applied to the Supreme Court of the United States for certiorari. That application was denied. 333 U.S. 868, 68 S.Ct. 791. The present application which was filed April 21, 1948, alleged a number of grounds for relief epitomized by the District Court as follows:

"1st. That petitioner was prosecuted by information instead of by indictment.

"2nd. That the information fails to charge an offense.

"3rd. That leave to prosecute by information was obtained without a showing of probable cause.

"4th. That the minutes attached to the information were defective in that they were not signed by the witnesses.

"5th. That petitioner was sentenced for a crime which does not exist.

"6th. That petitioner was in fact denied the right of showing insanity as a defense.

"7th. That petitioner did not have the assistance of counsel for his defense.

"8th. That petitioner was denied due process of law in that he was not given

an opportunity to present every available defense."

We should take note that petitioner in his application amplified the somewhat categorical allegations of "7" and "8" above by specifically directing the court's attention to the conduct of his trial in the criminal case and specifically charging that "he did not have the effective assistance of counsel". Alleged incompetency or inefficiency of counsel is not ordinarily ground for issuance of Writ of Habeas Corpus. Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, 861, 876; Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667, 669; Strong v. Huff, 80 U.S.App.D.C. 89, 148 F. 2d 692; Jones v. Huff, 80 U.S.App.D.C. 254, 152 F.2d 14; Ex parte Smith, D.C., 72 F. Supp. 935, 939; Krull v. Hiatt, D.C., 74 F. Supp. 349, 350; Maye v. Pescor, 8 Cir., 162 F.2d 641, 643. We are therefore faced with the troublesome question of under what circumstances the right to a further review by Habeas Corpus of alleged deprivation of constitutional rights may properly be denied under the law as it existed prior to the adoption of the New Judicial Code, Title 28 U.S.C.A., entitled "Judiciary and Judicial Procedure," Chapter 153, Habeas Corpus, §§ 2241–2255.

It is clear in this case that Petitioner has exhausted all remedies available to him in the State courts of Iowa. It is also reasonably clear from the record before us that each of the grounds now asserted as a basis for relief has been considered on its merits in the State court proceedings—see State v. Mart, supra, Mart v. Lainson, supra—and that those contentions have been submitted to the Supreme Court of the United States on application thereto for certiorari. It is true that this application for certiorari was to review the State court's determination of the State Habeas Corpus case in which the State court declined to admit evidence bearing upon several grounds then and now asserted, including the important question of whether Petitioner had the "effective assistance of counsel", and that certiorari was not sought to review the decision of the Iowa Supreme Court in the criminal case. But the same questions were presented to and considered by the Supreme Court of Iowa in the appeal of the criminal case and, since the Supreme Court of the United States has considered in certiorari proceedings to review Habeas Corpus cases, questions which were determined by State Supreme Courts on appeals from convictions in criminal cases, there is no question of the existence or practical availability or adequacy of the State procedure referred to in Ex parte Hawk, 321 U.S. 114, loc. cit. 118, 64 S.Ct. 448, 88 L.Ed. 572, or the opportunity of review by the Supreme Court of the action of the State Supreme Court's action in the criminal case, Hawk v. Olson, supra, 326 U.S. 271, loc. cit. 278, 66 S.Ct. 116, 90 L. Ed. 61.

The question narrows therefore to a determination of whether a citizen restrained of his liberty in a State Institution under judgment of a State Court of competent jurisdiction, after having his claims for relief passed upon by the State courts and the Supreme Court, may have those questions re-examined in the United States District Court.

■■ In Ex parte Hawk, supra, the Supreme Court pointed out that the rule that federal courts will interfere with the administration of justice in the State courts on application for Habeas Corpus only "in rare cases where exceptional circumstances of peculiar urgency are shown to exist," is inapplicable to a case in which the Petitioner has exhausted his State remedies, and in which he makes a substantial showing of a denial of federal rights. Ex parte Hawk, supra, 321 U.S. loc. cit. 117, 64 S.Ct. at page 450, 88 L.Ed. 572. If that had been all that was said on the subject the implication might be drawn that upon a substantial showing of a denial of a federal right after exhaustion of State remedies, resort might be made to Habeas Corpus in federal courts in other than "rare cases with exceptional circumstances of peculiar urgency". And, coupling therewith the statement of the Supreme Court in Ex parte Hawk that "where those [State] remedies have been exhausted this [the Supreme] Court will not ordinarily entertain an application for the writ be-

fore it has been sought and denied in a district court or denied by a circuit or district judge," one might reach the conclusion that a proper place to have a re-examination of federal rights was in a United States District Court. But the Supreme Court put a restriction on the right to resort to Habeas Corpus in other than "rare cases" where State remedies were adequate, had been exhausted, and a review had or denied by the Supreme Court when it went further in Ex parte Hawk and said: 321 U.S. loc. cit. 118, 64 S.Ct. at page 450, 88 L.Ed. 572:

"Where the state courts have considered and adjudicated the merits of his contentions, *and this Court has either reviewed or declined to review the state court's decision,* a federal court will *not ordinarily* reexamine upon writ of habeas corpus the question thus adjudicated" citing Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L. Ed. 989.

What did the Supreme Court mean by "not ordinarily"? We understand the direction of the Supreme Court to be that only in extraordinary cases will a federal court re-examine upon Habeas Corpus questions fully and fairly adjudicated on the merits by the State courts *and passed upon by the Supreme Court.* The rule, as stated, does not of course preclude a re-examination on Habeas Corpus of an extraordinary case by any federal court. And it leaves to those courts the exercise of some discretionary judgment in determining in each such case the question of whether that case is one of such a nature that the scrupulous protection of constitutional rights justifies or requires a further hearing. See Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270.

■ Returning to a consideration of the action of the District Court in the case before us we again note that there the conclusion was reached that this is not a "rare case with exceptional circumstances of peculiar urgency". With that conclusion we find no fault. And we see no real distinction between the terminology used by the District Judge—"a rare case with exceptional circumstances of peculiar urgency" and an "extraordinary" case as the Su-

preme Court used the latter term. We therefore reach the conclusion that the trial court properly declined to issue the writ in this case and re-examine the contentions previously adjudicated. The judgment is therefore affirmed.