## HAUGHEY v. SMYTH.
### No. 5792.

United States Court of Appeals
Fourth Circuit.

Oct. 9, 1948.

W. A. Hall, Jr., of Richmond, Va., for appellant, and Ballard Baker, Special Asst. to the Atty. Gen. of Virginia, (J. Lindsay Almond, Jr., Atty. Gen. of Virginia, on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal in a habeas corpus case. Petitioner was sentenced to life imprisonment by a state court in Virginia in 1945 on pleading guilty to the crime of robbery. In 1947 he filed a petition for a writ of habeas corpus in the Circuit Court of the City of Richmond contending that the proceedings under which he was imprisoned were lacking in due process. The Circuit Court made full inquiry into the facts and denied petitioner's discharge. This action was affirmed by the Supreme Court of Appeals of Virginia in an able and exhaustive opinion which dealt fully with all of petitioner's contentions. Haughey v. Smyth, 187 Va. 321, 46 S.E. 2d 419. Application was made to the Supreme Court of the United States for certiorari to review this decision but the application was denied. 334 U.S. 853, 68 S.Ct. 1509. Petitioner then filed petition for writ of habeas corpus in the court below and the case was heard upon the record made in the state habeas corpus proceeding. From an order of the District Judge denying the writ, this appeal is prosecuted.

It is perfectly clear that the discretion of the District Court in refusing the writ was properly exercised. There was nothing to indicate that the state remedies did not afford a full and fair adjudication of the federal contentions raised, and the case was manifestly one for the application of the rule that, where the Supreme Court of the United States denies certiorari after a state court decision on the merits, a federal District Court should not re-examine on habeas corpus the questions thus adjudicated except in "extraordinary" cases. There is nothing that brings the case here within that class or which would justify the lower federal courts in reviewing the action of the state Supreme Court of Appeals after the Supreme Court of the United States has declined to review it. Ex Parte Hawk, 321 U.S. 114, 118, 64 S.Ct. 448, 88 L.Ed. 572; White v. Ragen, 324 U.S. 760, 764, 65 S.Ct. 978, 89 L.Ed. 1348; Stonebreaker v. Smyth, 4 Cir., 163 F.2d 498; Mart v. Lainson, 8 Cir., 169 F.2d 1016. Nothing said in Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, requires that a federal District Court entertain a writ of habeas corpus under such circumstances.

Affirmed.