## CROWE v. UNITED STATES.

### No. 5918.

United States Court of Appeals
Fourth Circuit.

Argued July 7, 1949.

Decided July 21, 1949.

Casper Crowe, pro se.

Thomas A. Uzzell, Jr., U. S. Attorney, Asheville, N. C., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

In May 1947 Casper Crowe pleaded guilty in the court below to indictments charging bank robbery and violation of the Federal Firearms Act, 15 U.S.C.A. § 901 et seq., the National Stolen Property Act, 18 U.S.C.A. § 413 et seq., [now § 2311 et seq.], and the National Motor Vehicle Theft Act 18 U.S.C.A. 408 [now § 2311 et seq.]. He was sentenced to a term of twenty-five years imprisonment and was confined in the Federal Penitentiary at Atlanta, Ga. He was represented at the time by three lawyers whom he or his family had employed; and a careful examination of the record of the proceedings shows that his rights were fully protected.

In April 1948 Crowe filed a petition for habeas corpus with the court below asserting that the sentence under which he was imprisoned was void because the proceedings against him had been conducted in violation of his constitutional rights. The petition for habeas corpus was properly denied as the petitioner was not present within the District. On his appeal to this court, however, we pointed out that, if there had been any denial of petitioner's rights, his petition for habeas corpus should have been treated as a petition for relief by writ of error coram nobis, and we accordingly examined the record of the proceedings in the cause as though such petition had been filed and held that there was nothing to justify the court in entertaining such a petition. We found that "at the time petitioner pleaded guilty and was sentenced he was represented by an experienced and able member of the bar and that his rights were fully protected." Crowe v. United States, 4 Cir., 169 F.2d 1022, 1023.

On March 9, 1949, Crowe filed in the court below a motion under 28 U.S.C.A. § 2255, to vacate the sentence against him on the ground that he had been tricked by one of his attorneys, that the United States Attorney had promised him a light sentence if he would plead guilty and that agents of the Federal Bureau of Investigation had made threats and promises to induce him to plead guilty. The trial judge thereupon investigated the charges contained in the motion and found that they were untrue. He examined under oath the United States Attorney, the attorney for Crowe, whom the latter had charged with trickery, and all of the agents of the F. B. I. who had any connection with the case. We have read their evidence and think that the findings of the judge were clearly correct and that the motion was properly denied as groundless. In addition to this, the matters set forth by the motion as grounds for relief were matters which could have been raised in the proceedings in which the sentence was imposed; and the petitioner, who was represented by two attorneys in addition to the one whom he charges with trickery, should have raised them there and appealed from the judgment and sentence. This is not the case of an accused who has been denied counsel and who has failed to assert his constitutional rights at the proper time because of ignorance, but of one who has had the assistance of able counsel who knew how to raise and would have raised upon the original trial the questions that he is now raising, if there had been any substance to them. We dealt with this question in the recent case of Birtch v. United States 4 Cir. 173 F.2d 316, 317, where we said: "The present appeals are from orders denying motions made under 28 U.S.C.A. § 2255; but we think that they are entirely without merit. It is true of motions made under this section, as we held of motions in the nature of applications for writs of error coram nobis under the prior practice in the appeal before us, that they 'may not be used to review the proceedings of the trial as upon appeal or writ of error, but merely to test their validity when judged upon the face of the record or by constitutional standards.' See also Howell v. United States 4 Cir., 1949, 172 F.2d 213."

Crowe complains because his production in court was not ordered; but the section under which the motion was made expressly provides: "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing." Where this court on petitioner's former appeal had already passed upon the validity of the proceedings under which he was imprisoned, there was no occasion to have him brought to the hearing or to appoint counsel to represent him. Only in very rare cases, we think, will it be found necessary for a court to order a prisoner produced for a hearing under 28 U.S.C.A. § 2255. Certainly, whether or not the court should require him to be brought into court for the hearing is a matter resting in the court's discretion. Production of the prisoner should not be ordered merely because he asks it, but only in those cases where the court is of opinion that his presence will aid the court in arriving at the truth of the matter involved. So far as appointment of counsel is concerned, the requirement of the Constitution is that the prisoner have counsel upon his trial, not when he subsequently makes a motion attacking the judgment there entered.

There was no error and the order denying the motion will be affirmed.

Affirmed.