## WHEATLEY v. UNITED STATES.
### No. 4457.

United States Court of Appeals
Tenth Circuit.

July 3, 1952.

Rehearing Denied July 30, 1952.

Pickett, Circuit Judge, dissented.

Richard E. Wheatley filed a brief pro se.

Maurice Sanchez, U. S. Atty., William Oscar Jordan and Edward E. Triviz, Asst.

2. Ellis v. Union Pacific R. Co., 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572; Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916.

U. S. Atty., Albuquerque, N. M., filed a brief for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of New Mexico, denying a motion under 28 U.S.C.A. § 2255 to vacate a judgment and sentence imposed in that court. Appellant was originally brought before the court under two indictments charging federal offenses. Not having counsel and requesting the appointment of counsel, the court appointed Henry Hughes, a member of the bar of many years standing, who was present in the courtroom when the case was called for trial, to represent appellant. Appellant and his attorney retired to a private room for consultation and shortly thereafter returned to the courtroom, when the case was again called for trial. Being asked to plead, appellant entered a plea of guilty, and received the sentence now in question.

The grounds upon which a vacation of the judgment was sought are set out in the petition, as follows:

"(2) That on, or about the dates of July 24th or 26, 1950, the Honorable District Court of the United States, District of New Mexico, appointed a Mr. Hughes as an attorney for this Petitioner. That Mr. Hughes did then and there, in conference with this petitioner, make a statement to the effect, 'I have not practiced Criminal Law in 15 years, I don't know what to do, other than advise you to plead Guilty, for you don't stand a chance in this Court.' The Petitioner feels that Mr. Hughes should have told the Court this, to show that the Court employed use of Counsel that was incompetent to handle the case."

The defendant was not present in court when his motion was called up for determination. Mr. Hughes, his attorney, was present and the following proceedings were had:

"The Court: I am reminded there is another petition of similar nature by petitioner Wheatley. In that case I have read the transcript of proceedings. I am reminded that in the petition it is alleged that Mr. Hughes was attorney for the petitioner, and in some respect the man claimed that Mr. Hughes denied any knowledge of criminal law, and on account of the lack of knowledge of Mr. Hughes, I infer the petitioner claims he did not have proper legal counsel. On that petition I want the record to show that Mr. Hughes is a member of this bar of many years standing, and amply able and competent to represent a defendant, and he did act under assignment of the Court, and the Court is convinced there is no merit whatever to the contention of the petitioner regarding his counsel, Mr. Hughes. Unless Mr. Hughes desires to say something * * *?"

"Mr. Hughes: May it please the Court, it is with some interest that I have read the petitioner's present petition. I wish the record to show that I categorically deny that I ever advised this defendant to plead guilty or not guilty, and further, I deny that I ever made a statement to him that he didn't stand a chance in this court. I further want to advise the Court that as to this defendant my recollection likewise is most vivid because of the events of that morning. The defendant Wheatley was brought from the state prison here. He had his bracelets taken off, and he was conducted to the room to the left, the attorneys' chambers, and he and I talked at some length. It is that situation, and other comments made to me as his attorney—my recollection of that particular morning is quite vivid. I do not believe that it would be proper for me to make any statement which the defendant made to me as his attorney. As to his opinion that I am

incompetent, I beg to advise the Court—

"The Court: I have passed on that.

"Mr. Hughes: All right. But I do wish to advise this Court at that time I did advise the defendant Wheatley of all his constitutional rights, as to a jury trial, and believe, in my opinion, that he was fully advised, informed, and had knowledge of all his rights."

 Mr. Hughes was a practitioner before the Federal Bar of the District of New Mexico of many years standing. It may be concluded that his competency and qualifications as a lawyer before the court was a matter of which the trial court had judicial knowledge and of which it could take judicial notice. If this were all that was involved in the motion, we would have no hesitancy in holding that no factual issue was involved, which required the production of appellant in court for the taking of testimony. But this was not the gist of his complaint. The substance of his complaint was that Mr. Hughes did not give him the effective aid and assistance of counsel because of what transpired in the conference preceding his appearance before the court, in which he pleaded guilty, and this was a matter of fact of which the court had no judicial knowledge and which it could not judicially note. If Mr. Hughes did in fact tell appellant that he had not practiced criminal law for fifteen years and, therefore, did not know what to do other than to advise him to plead guilty, then he did not have the effective aid and assistance of counsel to which he was entitled, notwithstanding Mr. Hughes' general qualifications. It may be that the charge is a figment of petitioner's imagination, but it cannot be said as a matter of law that the allegation was so frivolous that it could be brushed aside without a hearing.

 The mandate of our court as well as of the Supreme Court is clear that where an issue of fact is presented under Section 2255 petitioner is entitled to a hearing and must be afforded an opportunity to testify and produce evidence in support of his allegations.[1]

That there was present and considered an issue of fact, namely whether Mr. Hughes did in fact give appellant the effective aid and assistance of counsel, is evidenced by the court's finding that " * * the court is convinced there is no merit whatever to the contention of the petitioner regarding his counsel, Mr. Hughes.", and also that it permitted Mr. Hughes to testify denying petitioner's allegation and permitted him to testify and state the advice he gave him in their conference. Under these facts we conclude that the petitioner was entitled to a hearing and to be afforded an opportunity to testify in support of his allegations.

The judgment is reversed and the cause is remanded with directions to proceed in conformity with the views expressed herein.

PICKETT, Circuit Judge (dissenting).

The principal ground relied upon in the motion seeking a vacation of the judgment was that the attorney appointed by the court to represent the petitioner stated to the prisoner prior to his plea of guilty, "I have not practiced criminal law in fifteen years, I don't know what to do, other than advise you to plead guilty, for you don't stand a chance in this court." Upon that allegation it is determined that an issue of fact is raised as to whether the petitioner had the effective aid and assistance of counsel to which he was entitled, notwithstanding the attorney's general qualifications, and that the petitioner is entitled to a hearing and to be afforded an opportunity to testify in support of his allegations. In other words, if the truth of the allegation is established, the sentence is void.

The statute provides that the court shall grant a prompt hearing on a motion attacking the sentence "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief". 28 U.S.C.A. § 2255. The

[1] Barrett v Hunter, 180 F.2d 510, 20 A.L.R.2d 965; United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263.

record shows that the prisoner was afforded all the rights to which he was entitled when he entered his plea of guilty and when the sentence was imposed. He is not entitled to be present at a hearing merely upon an allegation as to what counsel told him relating to counsel's qualifications as a lawyer without any allegations of fact that counsel did not give proper advice or that the representation and aid before the plea of guilty was not effective or even wrong. Generally, mere allegations of incompetence or inefficiency of counsel will not suffice as grounds for issuance of a writ of habeas corpus or granting of a motion to set aside a judgment and sentence. United States v. Wight, 2 Cir., 176 F.2d 376, 379, certiorari denied 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed 586; Mart v. Lainson, 8 Cir., 169 F.2d 1016, 1018, certiorari denied 333 U.S. 868, 68 S.Ct. 791, 92 L.Ed. 1146; Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, 876, certiorari denied 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003.[1]

In Conley v. Cox, 8 Cir., 138 F.2d 786, 787, the court said: "if it clearly appears from a petition for a writ of habeas corpus that further proceedings will be futile, the court is not obliged to conduct them. * * * The petition fails to show that the rights of the petitioner to have the advice and assistance of counsel were not fully protected. The Constitution does not guarantee that counsel appointed for, or employed by, a defendant shall measure up to his notions of ability or competency. It was enough that the trial court appointed a qualified attorney to represent the petitioner, and that the attorney appeared, advised with, and represented him." Surely a reading of this record illustrates beyond any doubt that further proceedings would be futile.

The court appointed a member of the bar in good standing to represent the petitioner and the presumption is that such counsel was competent and gave effective representation. United States ex rel. Feeley v. Ragen, 7 Cir., 166 F.2d 976, 980; Maye v. Pescor, 8 Cir., 162 F.2d 641, 643; Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667, 668, certiorari denied 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002.

The test in these cases was well stated in Diggs v. Welch, supra, where the court said, 148 F.2d at page 670:

"For these reasons we think absence of effective representation by counsel must be strictly construed. It must mean representation so lacking in competence that it becomes the duty of the court or the prosecution to observe it and to correct it. We do not believe that allegations even of serious mistakes on the part of an attorney are ground for habeas corpus standing alone. The cases where the Supreme Court has granted habeas corpus on the ground that there was no fair trial support this interpretation of the absence of effective representation. They are all cases where the circumstances surrounding the trial shocked the conscience of the court and made the proceedings a farce and a mock-

<hr>

1. In Alred v. United States, 4 Cir., 177 F.2d 193, 194, certiorari denied 339 U.S. 921, 70 S.Ct. 608, 94 L.Ed. 1345, the court held that a prisoner "may not have the sentences entered against him set aside and his case tried over by claiming that the attorney whom he selected did not properly represent him."

In United States ex rel. Weber v. Ragen, 7 Cir., 176 F.2d 579, 586, certiorari dismissed, 338 U.S. 809, 70 S.Ct. 49, 94 L.Ed. 489, the court said, "Court-appointed counsel was a member of the Peoria Bar in good standing. That is prima facie evidence of his competency. There are competent, more competent and most competent lawyers. When does a competent lawyer become incompetent? That is always a question of fact and the foundation for the proof of sufficient facts of incompetency must be alleged in the petition." (Citations omitted.)

In United States v. Helwig, 3 Cir., 159 F.2d 616, 617–618, judgment vacated on other grounds, 328 U.S. 820, 66 S.Ct. 1336, 90 L.Ed. 1601, the court said, "we cannot hold that lack of experience is the equivalent of incompetence for competent defense may be accomplished by inexperienced counsel."

ery of justice. Measured by the test of these cases the allegations in the petition before us are insufficient to require a hearing."

Usually a prisoner's notion of what constitutes effective representation is that kind which gets him out of his trouble. The alleged statement of counsel was made to petitioner here before the hearing, petitioner was no novice in court and was fully aware of what he now alleges to be incompetency on the part of counsel assigned to him, and he should have objected to the appointment at that time. In Crowe v. United States, 4 Cir., 175 F.2d 799, certiorari denied 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586, the proceeding before the district court was similar to the one complained of here. The petitioner filed a motion under 28 U.S.C.A. § 2255, to vacate the sentence against him on the ground that he had been told by one of his attorneys that the United States Attorney had promised him a light sentence if he would plead guilty. The trial judge thereupon investigated the charges contained in the motion without the prisoner's presence and found that they were untrue and denied the motion as groundless. The Court of Appeals affirmed the judgment and held that it would be necessary for a court to order a prisoner produced for a hearing under this section only in rare cases. As to the right of the prisoner to be present at the hearing, the court said, 175 F.2d at page 801: "Production of the prisoner should not be ordered merely because he asks it, but only in those cases where the court is of opinion that his presence will aid the court in arriving at the truth of the matter involved." The court also was of the opinion that the matters set forth by the motion as grounds for relief were matters which could have been raised at the proceedings in which the sentence was imposed. Of course material issues of fact cannot be disposed of ex parte but in a case of this kind it seems to me that the trial court as a practical matter should make some investigation to determine if there is any merit in petitioner's contentions before he orders him to be brought into court. As was said in Carvell v. United States, 4 Cir., 173 F.2d 348, "It would destroy all prison discipline if merely by filing a motion with no more merit than the one here, prisoners could have themselves transported about over the country for the purpose of testifying on the hearing of such motions."

If this petitioner is entitled to have his sentence set aside upon proof of the allegations which he has made, then many prisoners now incarcerated in federal penitentiaries will be entitled to the same relief as in many cases they will be able to prove the inexperience, in criminal matters, of the court-appointed attorneys. Inexperience does not mean that attorneys cannot give proper representation in such cases. We know they do.

Under the decisions, I think the allegations were insufficient to raise a question of fact as to counsel's ability or the character of the aid and assistance given. Generally that question is determined by the court when it appoints the attorney.

To hold that the trial court's finding was erroneous and that the petitioner was entitled to be present at a hearing on his motion solely on the basis of the allegation in the motion, will require the trial courts in every case to grant a hearing when the incompetency or the sufficiency of the representation given by a court-appointed counsel is questioned in a motion filed under 28 U.S.C.A. § 2255, with the right of the prisoner to be present. Such was not the purpose of this section nor the result intended by the Supreme Court in United States v. Hayman, 342 U.S. 205, 219, 72 S.Ct. 263, 272, where the court held that, "The issues raised by respondent's motion were not determined by the 'files and records' in the trial court." I find no help for the petitioner in the Hayman case. There it was admitted that the prisoner should have been present at the hearing. The question considered was one of a conflict of interests which would prevent the attorney from giving effective aid and assistance. Here the trial court determined the question of the competency of petitioner's counsel when it appointed him, and there

are no allegations of fact which would sustain a finding that the petitioner did not have proper assistance.

I think the judgment should be affirmed.