**Johnny Mack WESTBROOK, Plaintiff,**

v.

**Walter B. ZANT, Warden, Defendant.**

**Civ. A. No. 81–37–MAC.**

United States District Court,
M. D. Georgia,
Macon Division.

June 11, 1981.

On Motion To Open Judgment and For New Trial June 15, 1981.

---

**1348**

Steven H. Sadow, Atlanta, Ga., for plaintiff.

Harrison Kohler, Asst. Atty. Gen., State of Georgia, Atlanta, Ga., for defendant.

OWENS, District Judge:

The Constitution of the United States does not prohibit the trial and conviction of persons who rape, kidnap, physically abuse, and with brute force then murder their fellow human beings. Neither does the Constitution prohibit the imposition of the death penalty upon or the execution of those who commit such atrocious crimes. To the contrary, the Constitution guarantees nothing more than a constitutionally fair and just trial and an appellate review of that trial in the manner provided by law.

On the basis of a mountain of undisputed physical evidence, corroborating witness testimony, and his own tape recorded confession supported by the confession of his partner in crime, Eddie Finney, petitioner Westbrook on November 9, 1977, was convicted of the September 23, 1977, brutal murders and kidnappings of Mrs. Kalish and Mrs. Kaplan and sentenced to die in the electric chair. From then until February 2, 1981—*three years and almost three months*—petitioner's conviction was challenged on appeal and by a state habeas proceeding in the courts of this state. The procedures that were utilized and that consumed those three years and almost three months were devised and enacted into law by the legislature of this state. Only at the end of that long period of time and upon exhaustion of all avenues of appeal in state court did petitioner have to then commence a habeas corpus petition in this court pursuant to laws passed by Congress—28 U.S.C. § 2241 *et seq.* Had the appeals in the courts of this state taken less time, petitioner would have been forced to commence in this court earlier than he did and this decision would have already issued. For those who decry such delay, the fact that the Supreme Court of Georgia has recently implemented a one time, quicker appeal procedure for death cases is good news for the future, but, of course, no answer to the question of why this procedure remained in existence as long as it did or why it was in effect in September 1977.

Petitioner's February 2, 1981, petition is filed pursuant to 28 U.S.C. § 2254, a law passed by Congress, which commands that:

> "(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court *shall entertain* an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.*" (Emphasis added).

and paragraph (b) of said law which requires petitioner to have exhausted all available state court remedies as to all questions presented before making application for a writ of habeas corpus.

In his petition to this court as filed on February 2, 1981, petitioner presented the same constitutional questions that were raised on appeal and in his habeas proceeding in the courts of this state. Without obtaining leave of court to do so, petitioner on February 19, 1981, submitted an amended petition which in reality is nothing more than an expanded argument of the same questions already raised. To the extent that said amended petition could possibly be said to present constitutional issues not raised in the courts of this state, respondent's suggestion that said grounds should not be considered by this court since their mention amounts to a deliberate by-pass of his state remedies is a valid observation. *Murch v. Mottram,* 409 U.S. 41, 93 S.Ct. 71, 34 L.Ed.2d 194 (1972). Said amended petition is therefore considered only as an ef-

fort on the part of petitioner's counsel to expand and further argue the constitutional questions raised in the courts of this state.

After careful consideration of petitioner's application and a reading of the entire record below, this court was of the opinion that an evidentiary hearing is not required, and so indicated by order dated May 22, 1981. Rule 8 of § 2254 Rules.

28 U.S.C. § 2254 further provides:

"(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the application for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, *shall be presumed to be correct*, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, *the burden shall rest upon the applicant* to establish by convincing evidence that the factual determination by the State court was erroneous." (Emphasis added).

Petitioner Westbrook, in the courts of this state at every stage of his trial, appeal, and habeas proceeding, received a full and fair hearing on the merits and a presumptively correct determination adverse to his contentions was made. He has not established anything to overcome that presumption of correctness.

Presumptions aside, this court has reviewed this entire record in the light of every asserted constitutional defect and, having done so, is of the opinion that there are none. It would be pointless for this record to be encumbered with additional reasons for the correctness of the denial of habeas relief to this constitutionally convicted petitioner.

Habeas relief is therefore DENIED the petitioner Johnny Mack Westbrook this 11th day of June, 1981.

## On Motion To Open Judgment and For New Trial

To a state prisoner sentenced to die in the electric chair, habeas corpus relief is secured when his conviction is overturned, his death sentence is set aside, or, as a practical matter, when his lawyers succeed in using the appeal procedure of the courts of this state and of these United States to indefinitely postpone the imposition of the death sentence.

While "the writ of habeas corpus is the fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action ...," *Harris v. Nelson*, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086, 22 L.Ed.2d 281 (1969), it is not an instrument to be used to unduly delay and indefinitely postpone a sentence of death that has been constitutionally and lawfully imposed.

On February 2, 1981, petitioner Westbrook's attorneys filed a habeas corpus petition in this court in which they assert in conclusory fashion that petitioner's November 9, 1977, Superior Court of Jones County conviction for the September 23, 1977, kidnappings and brutal murders of Mrs. Kalish and Mrs. Kaplan and the verdict of death are constitutionally defective. At that point the appellate review of petitioner's case in the courts of this state had consumed three years and almost three months and extended petitioner's stay on this earth for that same three years and three months. Without leave of court obtained, petitioner's attorneys on February 18, 1981, filed an amended twenty-two page petition for writ of habeas corpus. The few facts contained therein were totally conclusory in fashion and unsupported by the record made in the already expired three years and three months.

Respondent on March 12, 1981, filed his response which included a complete transcript of state trial and habeas proceedings.

This court then examined petitioner's application and respondents response to determine whether or not an evidentiary hearing was required in this court. The standard of review is as set forth by the Supreme Court in *Townsend v. Sain*, 372 U.S. 293, 312, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963):

"[W]here an applicant for a writ of habeas corpus alleges facts which, if proved, would entitle him to relief, the federal court to which the applicant is made has the power to receive evidence and try the facts anew.

III. We turn now to the considerations which in certain cases may make exercise of that power mandatory. The appropriate standard—which must be considered to supersede, to the extent of any inconsistencies, the opinions in Brown v. Allen—is this: Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding. In other words a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts.[9]

[9] In announcing this test we do not mean to imply that the state courts are required to hold hearings and make findings which satisfy this standard, because such hearings are governed to a large extent by state law."

Mindful of the Supreme Court's appropriate observation in *Harris v. Nelson*, 394 U.S. 286, 300, 89 S.Ct. 1082, 1091, 22 L.Ed.2d 281 (1969):

"We do not assume that courts in the exercise of their discretion will pursue or authorize pursuit of all allegations presented to them. We are aware that confinement sometimes induces fantasy which has its basis in the paranoia of prison rather than in fact. But where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore, entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."

and satisfied that neither standard required an evidentiary hearing, this court on May 22, 1981, denied petitioner's request for such

a hearing and requested an additional brief from petitioner's attorneys within twenty (20) days. No such brief was received. On June 11, 1981, petitioner's application was denied, and judgment issued. Notified by telephone of this court's denial of petitioner's application, petitioner's attorneys by letter dated June 11, 1981, forwarded petitioner's motion to take depositions saying that such depositions are needed now to develop facts as to matters that transpired before and during petitioner's October and November, 1977, trial.

The Supreme Court of the United States in 1953 in *Brown v. Allen*, 344 U.S. 443, 480, 73 S.Ct. 397, 419, 97 L.Ed. 469 in footnote 24 stated:

> "Evidence in state criminal proceedings to support objections on federal constitutional grounds, known to state defendants and their counsel, or easily ascertainable, cannot be withheld or neglected at the state trial and used later to support habeas corpus. State criminal proceedings would be unreasonably hampered. *Ex parte Spencer*, 228 U.S. 652, 660, 57 L.Ed. 1010, 1013, 33 S.Ct. 709, [711], *Re Wood*, 140 U.S. 278, 285, 35 L.Ed. 505, 508, 11 S.Ct. 738, [741], *Crowe v. United States* (CA4th NC) 175 F.2d 799; *Price v. Johnston*, 334 U.S. 266, 289, 92 L.Ed. 1356, 1371, 68 S.Ct. 1049, [1062] and the dissent."

On June 29, 1979, petitioner then represented by two able criminal defense lawyers—Millard Farmer and Bill Warner, both of Atlanta, Georgia—appeared in the Superior Court of Tatnall County for a hearing on his state habeas petition. Given full opportunity to do so, neither petitioner nor his counsel introduced any evidence other than that already of record and in particular did not attempt to examine in person or by deposition—then or later—any of the witnesses listed in petitioner's June 12, 1981, motion.

Petitioner received a full and fair hearing in the courts of this state upon his trial and upon consideration of his state habeas petition. All that he now seeks to discover was known to petitioner and his several lawyers and, if not known, was easily ascertainable during his state habeas proceedings. As such it cannot now be developed and used for the first time in this federal habeas proceeding to further delay the finality of petitioner's conviction and sentence. Petitioner's motion to take depositions and supplement the record having been considered as a Rule 59, Federal Rules of Civil Procedure, motion to open the June 11, 1981, judgment and for a new trial is hereby DENIED.