962 F.2d 7
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: Arnold V. TOPAZOV, Petitioner.
 No. 91-8073.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 12, 1992
Decided: May 7, 1992
 
 On Petition for Writ of Mandamus.
 Arnold V. Topazov, Petitioner Pro Se.
 PETITION DENIED.
 Before HALL and WILKINSON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Arnold V. Topazov, a federal prisoner, filed this petition for a writ of mandamus seeking several orders directing that the district court grant several forms of relief in his 28 U.S.C. § 2255 (1988) motion, which has been pending since April 1990. We deny the petition.
 
 
 2
 Topazov first claims that the district court has unduly delayed acting on the § 2255 motion. The last significant action entered on the docket was the district court's grant of an extension of time to Topazov's attorney in March 1991. However, there has been other, more recent correspondence between the district court and the litigants. Further, Stephen Cribari, Topazov's court-appointed counsel, requested that the court not rule on the § 2255 motion until Topazov's request for different representation was resolved; that matter is still pending. The delay in the district court during the past twelve months stems primarily from Topazov's dissatisfaction with Cribari's representation and his attempt to terminate Cribari and have new counsel appointed, and not from any neglect by the district court. Therefore, we hold that the district court has not unduly delayed acting on the § 2255 motion.
 
 
 3
 Topazov also claims that the district court judge is biased and should be recused. An order directing recusal is appropriate only when a reasonable person might doubt the judge's impartiality. In re Aetna Casualty & Sur. Co., 919 F.2d 1136, 1143 (6th Cir. 1990). The judge's alleged bias must be personal and not arising out of litigation. In re Beard, 811 F.2d 818, 827 (4th Cir. 1987). In this case, Topazov makes only unsubstantiated, conclusory claims of bias; those claims do not support an inference that the judge is biased or that there is a conflict of interest. Therefore, we decline to enter an order directing recusal.
 
 
 4
 Topazov also seeks an order directing that Cribari withdraw from the case and that other counsel be appointed to represent him. However, mandamus relief is available only when the petitioner demonstrates a clear right to the relief sought and that there are no other means by which he could obtain the requested relief. In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988); In re Beard, 811 F.2d at 826-27. Topazov may renew his motion in the district court to have Cribari removed from the case, so he has another remedy. Further, Topazov does not have a right to have counsel appointed to represent him in his § 2255 motion unless an evidentiary hearing is held; therefore, he has no clear right to have new counsel appointed. Pennsylvania v. Finley, 481 U.S. 551 (1987); Crowe v. United States, 175 F.2d 799 (4th Cir. 1949), cert. denied, 338 U.S. 950 (1950). Additionally, because Topazov's counsel is appointed and not retained, to the extent that Topazov is entitled to counsel (i.e. for an evidentiary hearing), he may only demand new counsel for cause shown. United States v. Gallop, 838 F.2d 105 (4th Cir.), cert. denied, 487 U.S. 1211 (1988). Topazov claims that Cribari is conspiring with the CIA, the INS, and others to have him deported, but this claim is patently frivolous and consequently does not establish cause for new counsel. These claims, therefore, lack merit.
 
 
 5
 Topazov also seeks an order directing that he be given a copy of his sentencing transcript and a copy of the district court's docket sheet. Because he may request these items from the district court, he has another possible remedy, and mandamus relief is denied on these claims. In re Beard, 811 F.2d at 826-27.
 
 
 6
 Topazov seeks an order directing the district court to hold an evidentiary hearing. However, to the extent that Topazov is dissatisfied with the district court's ultimate disposition of the motion, he may appeal the district court's order; if the district court does not hold an evidentiary hearing, he may challenge the court's failure to do so in an appeal. We deny mandamus relief on this claim because it is not the only way in which Topazov may obtain the requested relief. In re Beard, 811 F.2d at 826-27.
 
 
 7
 Finally, Topazov seeks on order prohibiting the CIA, Cribari, the INS, and others from interfering with the administration of justice and with his communications. These claims are too vague and insubstantial to warrant relief.
 
 
 8
 We deny the petition. In light of our disposition, Topazov's request for expedited consideration is moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 PETITION DENIED