Gilbert M. CRAIG, Appellant,

v.

UNITED STATES of America, Appellee.

No. 11705.

United States Court of Appeals Sixth Circuit.

Dec. 6, 1954.

Paul P. Cohen, Niagara Falls, N. Y., Cohen, Fleischmann, Augspurger, Henderson & Campbell, Niagara Falls, N. Y., Hertz & Kates, Cleveland, Ohio, on brief, for appellant.

Sumner Canary, U. S. Atty., Cleveland, Ohio, John J. Kane, Jr., U. S. Atty., Frank E. Steel, Asst. U. S. Atty., Cleveland, Ohio, for United States.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

Separate indictments were returned against Lester E. Butzman, Sr., and the Appellant, Gilbert M. Craig, charging Butzman with the fraudulent execution of a document required by the provisions of the Internal Revenue law, and charging Craig for wilfully aiding and advising the preparation and presentation of such document to the Collector of Internal Revenue. Section 3793(a) (1), (b) (1), Title 26, U.S.C.A. The cases were consolidated in the District Court, and following a waiver of a trial by jury, the defendants were found guilty by the District Judge and sentenced to 3 years and 1½ years respectively. On appeal to this Court, the judgment against Butzman was affirmed. The contentions of Craig, insofar as they were similar to the contentions by Butzman, were also rejected. However, Craig also contended that in the trial below he had been deprived of the effective assistance of counsel in violation of his rights under the Sixth Amendment to the Constitution. This contention had not been raised in the trial court. Accordingly, the case against Craig was remanded to the District Court for further proceedings in which he would be given an opportunity to have such issue raised and heard. Butzman and Craig v. United States, 6 Cir., 205 F.2d 343, 351.

Following the remand, Craig moved in the District Court that a hearing be had upon the issue of whether he intelligently and voluntarily waived his right to representation by counsel of his own choosing separate from counsel for the defendant Butzman, and upon the related issues of whether he had intelligently and voluntarily consented to a consolidation of his case with the case against Butzman, and whether he had intelligently and voluntarily waived a jury trial in his own case. Following the hearing of evidence, the District Judge filed a comprehensive memorandum opinion containing a summary of the evidence with the Court's findings therefrom and the Court's conclusions based upon such findings. The Court held (1) that the evidence fell short of sustaining Craig's claim that he did not voluntarily and intelligently waive the right to counsel of his own choosing; (2) that the consolidation of the two cases was agreed to by Craig's counsel and that the order of consolidation was valid; (3) that Craig intelligently and voluntarily waived his right to trial by jury; and (4) that although a conflict of interest developed during the trial on the part of Craig's counsel towards Butzman and Craig it did not invalidate the judgment against Craig. The motion of the defendant Craig was overruled as to all issues raised therein, and the case has been re-

turned to this Court for final determination of the appeal, including the issues raised by these supplemental proceedings.

■ We are in agreement with the District Judge's rulings, based on his findings which are fully sustained by the evidence, that the order of consolidation was validly entered, and that Craig intelligently and voluntarily waived his right to a trial by jury. The remaining two rulings that Craig intelligently and voluntarily waived his right to counsel of his own choosing and that the conflict of interest on the part of such counsel towards him and towards the defendant Butzman did not invalidate the trial are so closely interwoven we feel it is necessary that they be considered together.

In the trial of the consolidated cases, Butzman was represented by attorney Wasserman, who was the regularly employed attorney of the Ohio Tool Company, of which Butzman was the chief owner and officer. Craig had been employed by the Company as comptroller on a full-time basis about November 1, 1943. The indictments dealt with the alleged fraudulent execution on January 14, 1946 of an application by the Company for Tentative Adjustment with Respect to Amortization Deduction, which was executed by Butzman, in the preparation and presentation of which Craig was charged with aiding and advising. On the original appeal, we referred to the fact that Wasserman also undertook to represent Craig, and that it was Craig's contention that although no conflict of interest might have shown itself when this dual representation was undertaken, a review of the record as a whole showed that such a conflict developed, in that it was to the interest of Butzman to shift responsibility for the alleged false document to one or more of his employees. In the supplemental proceedings Craig's representation by counsel was more fully developed and found by the District Judge to be as follows:

In the summer of 1949, the Internal Revenue Bureau held a hearing in Washington with reference to the circumstances surrounding the Ohio Tool Company's application for the tax refund, at which Butzman and Craig appeared together with Wasserman acting as attorney for the Company and Butzman. The Examiner in Charge refused to permit Craig to testify until he obtained independent counsel to represent him. Following an adjournment, attorney W. P. Clyne was engaged to act as counsel for Craig. He served in that capacity but was paid for his services by Mrs. Butzman. Following the return of the indictments on January 10, 1952, efforts were made by Wasserman to secure Clyne's services for Craig in the trial of the criminal case, but Clyne notified Wasserman that he would not represent Craig in the action. Craig appeared at the arraignment without counsel. At the time he was unemployed and had earned nothing for more than a year prior thereto. He owned his home upon which there was a substantial mortgage.

After Clyne refused to serve as his counsel, Craig told Wasserman he would defend himself at the trial without a lawyer. Wasserman advised against such a course, and informed Craig that he would attempt to secure the services of M. L. Looney of Washington, D. C. Looney had represented Butzman in tax matters at hearings in Washington. His entrance into the case was in consideration of remuneration received by him from Butzman for past services. He was not to receive any compensation for his services in the trial of this case. Butzman, however, agreed to pay Looney's "out of pocket" expenses. Craig was not indigent but his financial status was such that he felt he could ill afford the expenses of independent counsel. He looked to the regular attorney of the Ohio Tool Company either to represent him or to obtain the services of another lawyer to do so. He did not know that he had the right to request the Court to appoint counsel for him, and when it appeared that Wasserman could not obtain the services of Clyne and he was informed that Looney would act for him, he acquiesced in the arrangement.

Looney acted for both Butzman and Craig during the trial. Although Craig contended that he expected Looney to devote his efforts solely to his defense and that he did not know until after the trial started that Looney was acting for both Butzman and Craig, the District Judge found that this assumption by Craig was without support in fact or reason. He pointed out that Looney was Butzman's tax lawyer and owed no obligation to Craig, which facts were known to Craig, and that Craig had no reason to expect that Looney would forswear his loyalty to Butzman and devote himself exclusively to the interests of Craig.

Neither Craig nor counsel were of the opinion that a genuine conflict of interest would develop at the trial. There was no conflict or antagonism in the positions of the defendants on the vital issue of their alleged knowledge of the denial of the applications for the relevant Certificates of Necessity. On this all-important issue the position of each defendant was consistent with that of the other.

Craig was assured repeatedly by both Wasserman and Looney that the Government had no case against him. There can be little doubt that Craig was lulled into a sense of security by these assurances. These assurances were given in good faith but were probably not justified by the factual situation. They were not designed to induce Craig to accept their services as counsel. For the most part, these statements of counsel were made after the dual representation was undertaken.

Two witnesses, Franz and Figley, testified there were discussions about the denial of the applications for certificates both before and after Craig entered the employ of the Ohio Tool Company on November 1, 1943. But no effort was made by cross examination of these witnesses to determine whether the discussions before November 1st were with Butzman alone and concerned only the denial of the first two applications, and whether the discussions after November 1st in Craig's presence related solely to the third application which was filed by Franz in November and refiled by Craig in March 1944. With respect to this feature of the case, the District Judge made the following specific findings: "The conflict of interest between the defendants prevented any such cross examination being undertaken. Any effort to demonstrate Craig's absence from the discussions between Franz and Butzman before November 1st about the denial of the two relevant applications necessarily would be damaging to Butzman. At this point in the trial, the strain upon counsel's conflicting loyalties was particularly heavy. * * * Whether such cross examination would have developed facts favorable to Craig is a matter of conjecture. That such a cross examination would have been made by counsel who had no interest in Butzman can be confidently assumed. * * * Figley's testimony especially was given considerable weight. Any weakening of Figley's testimony against Craig or any clarification of his testimony resulting favorably to Craig might have had a material bearing on the outcome of the case. As a result of the conflict of interest counsel's representation was not as effective as it might have been. Counsel's representation of Craig was also impaired by reason of Wasserman's participation in some of the events described in the testimony at the trial. * * * In representing both defendants counsel undertook to perform a difficult, if not impossible, task. Whether the result would have been different if they had been in a position to devote their talents unreservedly in the interest of Craig can not now be determined."

■■ To this factual background we must apply the well settled rule regarding representation by counsel in criminal proceedings. The Sixth Amendment guarantees to the defendant in a criminal proceeding in the federal court the right to be represented and heard by counsel of his own choosing. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. See Chandler v. Fretag, U.S., 1954, 75 S.Ct. 1. Representation by a particular attorney may be under such

circumstances as not to meet the constitutional requirements. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680. See Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158. A conflict of interest on the part of counsel representing two different defendants may be such as to deprive the accused of the effective assistance of counsel as defined by Supreme Court decisions. Glasser v. United States, supra; United States v. Hayman, 342 U.S. 205, 208, 72 S.Ct. 263, 96 L.Ed. 232; Wright v. Johnston, D.C.Cal., 77 F.Supp. 687. It is immaterial whether such counsel was appointed by the Court or selected by the accused, in the absence of facts constituting a waiver of the right. Hayman v. United States, 9 Cir., 187 F.2d 456, 460, see 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Jones v. Huff, 80 U.S.App.D.C. 254, 152 F.2d 14. The prejudice to a defendant from the failure to have the effective assistance of counsel results whether counsel is court appointed or selected by the accused. The right "is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial." Glasser v. United States, supra, 315 U.S. 60, 76, 62 S.Ct. 457, 467, 86 L.Ed. 680.

 The right to the assistance of counsel can be waived. But the courts indulge every reasonable presumption against waiver of fundamental constitutional rights and do not presume acquiescence in the loss of such a right. "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Johnson v. Zerbst, supra, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461. Failure on the part of the accused to properly and timely assert his right may be excusable under certain conditions and not constitute a waiver. United States v. Bergamo, 2 Cir., 154 F.2d 31; Walleck v. Hudspeth, 10 Cir., 128 F.2d 343.

 In the present case, the District Judge found that the conflict in interest on the part of Craig's counsel prevented a proper cross examination of a material witness whose testimony especially was given considerable weight by the trial judge; that such a cross examination would in all probability have been made by counsel who had no interest in Butzman; that any weakening of this witness's testimony against Craig might have had a material bearing on the outcome of the case; that as a result of the conflict of interest counsel's representation of Craig was impaired and was not as effective as it might have been; that in representing both defendants counsel undertook to perform a difficult, if not impossible, task; and that whether the result would have been different if counsel had devoted his talents unreservedly in the interest of Craig could not be determined. In Glasser v. United States, supra, the Court expressly pointed out that because of the conflict of interest on the part of counsel, his representation of the accused in that case was not as effective as it might have been if another lawyer had been appointed, and that it was not for the court to indulge in nice calculations as to the amount of prejudice resulting therefrom. We think it follows from the foregoing findings that although Craig was in no way "deprived" of his right to independent counsel of his own choosing by any act of the District Judge or District Attorney, nevertheless, by reason of a combination of circumstances, not reasonably foreseeable by Court or counsel, he did not receive the effective assistance of counsel to which he was entitled under the Sixth Amendment, and that under the particular circumstances of this case he did not intelligently and voluntarily waive such right.

The judgment is accordingly reversed, and the case is remanded to the District Court for a new trial.