David MATTHEWS and Scottie Blake-
more, Petitioners-Appellants,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 74–1988.

United States Court of Appeals,
Seventh Circuit.

Argued May 27, 1975.

Decided July 3, 1975.

Emory Andrew Tate, Chicago, Ill., for petitioners-appellants.

James R. Thompson, U. S. Atty., Gary L. Starkman and Guy P. Seaberg, Asst. U. S. Attys., Chicago, Ill., for respondent-appellee.

Before TUTTLE, *Senior Circuit* Judge, * and CUMMINGS and STEVENS, *Circuit Judges.*

STEVENS, *Circuit Judge.*

This appeal is from an order denying, without an evidentiary hearing, a petition filed under 28 U.S.C. § 2255 collaterally attacking appellants' conviction of conspiracy to engage in an election fraud in violation of 18 U.S.C. § 241. The question presented is whether the allegations in the petition, if true, demonstrate that appellants were denied the constitutionally guaranteed effective assistance of counsel under the standard announced in our recent decision in *United States ex rel. Williams v. Twomey,* 510 F.2d 634 (7th Cir. 1975). The principal criticism of counsel is that he was overworked,

* Senior Circuit Judge Elbert P. Tuttle of the United States Court of Appeals, Fifth Circuit, is sitting by designation.

represented too many clients, and did not have adequate time to prepare for trial.

The appellants are two of the five election judges who were named as defendants in one indictment. It appears that they were all represented by the same retained counsel at trial. According to the petition, the attorney anticipated a plea of guilty "up until the moment of trial," and spent less than one hour interviewing each defendant.[1] The five defendants did stand trial, however, and the jury found two of them not guilty and three of them guilty. On appeal we affirmed the conviction.[2]

■ Whenever we are asked to consider a charge that counsel has failed to discharge his professional responsibilities, we start with a presumption that he was conscious of his duties to his clients and that he sought conscientiously to discharge those duties. The burden of demonstrating the contrary is on his former clients. In evaluating a claim of inadequate representation, as we said in *Williams,*

> Much depends on the nature of the charge, of the evidence known to be available to the prosecution, of the evidence susceptible of being produced at once or later by the defense, and of the experience and capacity of defense counsel.

510 F.2d at 639. In this case we find nothing alleged in the § 2255 petition which is inconsistent with the minimum standards of professional representation required by *Williams.*

■ Appellants have alleged that their attorney interviewed them for less than an hour, that ten days in advance of trial he was unsure that he would remain in the case, and that he did not produce any evidence or call any witnesses favorable to the defendants. But they have not alleged that any such evidence or witness existed, or was made known to their attorney, or could have been discovered by an investigation. Petitioners have not told us what was said in their conference with counsel. Perhaps, for all we know, they merely explained that they had indeed forged the 35 ballot applications which were placed in evidence by the government and that they were indeed guilty as charged. Surely, if that were the case, counsel had no duty to search for witnesses, expert or otherwise, who might falsely testify to the contrary.

■ They have also alleged that their lawyer was so busy with other work that he could not provide effective assistance in this particular matter.[3] Such an allegation is, of course, troublesome, but we cannot accept it as sufficient to require a post-conviction review of trial counsel's performance. For we know only too well the demands which present-day trial practice makes upon the time and energies of the overworked members of our criminal defense bar, and we take judicial notice of the fact that those who are the busiest and under the greatest pressure often perform with the greatest skill, diligence and effectiveness. They are busy for reasons that tend to sup-

---

1. The precise allegation is that

    "(1) Petitioner's attorney throughout the pending [sic] of this case spent less than one (1) hour interviewing your petitioner."

    Since there are two petitioners rather than one, we assume this allegation means that each was interviewed for less than an hour.

2. See unpublished order entered December 5, 1973, in appeal No. 73–1397.

3. "(2) Petitioner's attorney was representing more clients than was advisable during this period in similar types of cases and because of the large volume of cases could not provide effective assistance in this particular matter.

    (a) Petitioner's attorney was representing 25 other defendants in 5 separate similar cases at the same time.

    (b) Petitioner's attorney hired other counsel to assist him with other defendants in this case. Other counsel only entered the case after jury selection had commenced, and this was done without the advise [sic] or approval of your petitioner."

    It is clear from the record that the reference in the last quoted sentence to "other counsel" refers to a lawyer who assisted petitioners' retained counsel during the trial, rather than to substitute counsel.

port, rather than contradict, the presumption of effectiveness.

The factual allegations made in support of the claim that counsel did not effectively represent his clients are not sufficient to require an evidentiary hearing. This conclusion is buttressed by our independent familiarity with the record derived from the prior appeal.[4]

Affirmed.

4. The subject matter of the allegations relating to the government's failure to produce the report of the handwriting expert with respect to defendants' forgery of ballot applications, and the failure to have a written report prepared identifying which forgeries were committed by vhich defendant was considered in our order disposing of the appeal from petitioners' original conviction. Although those allegations are now embellished with charges of improper motive, no new facts requiring the taking of evidence in a collateral proceeding have been alleged.