**UNITED STATES of America ex rel. Salvador ORTIZ, Petitioner-Appellant,**

**v.**

**Allyn SIELAFF, Director, Illinois Department of Corrections, Respondent-Appellee.**

**No. 75–2038.**

United States Court of Appeals, Seventh Circuit.

Argued April 7, 1976.

Decided Aug. 27, 1976.*

---

* This appeal was originally decided by unreported order on August 27, 1976. See Circuit Rule 35 (formerly Circuit Rule 28). The court has subsequently decided to issue the decision as an opinion.

378

Mark K. Schoenfield, Chicago, Ill., for petitioner-appellant.

William J. Scott, Atty. Gen., Anne Taylor, Melbourne A. Noel, Jr., Asst. Attys. Gen., Chicago, Ill., for respondent-appellee.

Before HASTINGS, Senior Circuit Judge, BAUER, Circuit Judge, and WYZANSKI, Senior District Judge.**

BAUER, Circuit Judge.

This is an appeal from a dismissal by the district court of a petition for habeas corpus collaterally attacking a conviction for robbery after a bench trial in the Criminal Division of the Circuit Court of Cook County, Illinois. The principal issue is whether the petitioner was denied his right to the effective assistance of counsel.

At trial, the petitioner, Salvador Ortiz, was represented by a retained lawyer. In that proceeding the prosecution presented the robbery victim, Mrs. Ruth Long, as the sole occurrence witness. She identified the petitioner as the robber. Petitioner Ortiz and four witnesses testified that Ortiz was asleep at his parents' home at the time of the robbery. Petitioner was found guilty and sentenced to a term of 2 to 10 years.

Following trial, petitioner exhausted his state court remedies, then petitioned for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition raised two basic issues: (1) whether petitioner was denied the right to effective assistance of counsel secured by the Sixth and Fourteenth Amendments, and (2) whether the identification procedure employed by the state was so suggestive that it violated petitioner's right to due process. The district court found "that [attorney] Bradley's work fell below the minimum level of pro-

** The Hon. Charles E. Wyzanski, Jr., Senior District Judge, District of Massachusetts, is sitting by designation.

fessional competence, at least in respect to the preparation of alibi witnesses." The district court, however, dismissed the petition for the writ of habeas corpus on the ground that the petitioner had not shown that he was prejudiced thereby so as to be deprived of a fair trial. The district court also ruled that the identification procedure employed by the state did not deprive Ortiz of due process of law. *United States ex rel. Ortiz v. Sielaff,* 404 F.Supp. 268 (N.D.Ill. 1975).

The district court issued a certificate of probable cause pursuant to 28 U.S.C. § 2253 and granted petitioner leave to proceed *in forma pauperis* on appeal. We affirm the dismissal of the petition for habeas corpus.

## I.

Petitioner claims that his trial lawyer's performance was deficient in several respects. The most significant of these claims, and the claim which the district court found to constitute inadequate representation, involved the trial counsel's preparation of the defendant's alibi witnesses.

At trial, Ortiz defended his robbery charge by testifying that he was sleeping at his parents' home at the time of the crime. To bolster this claim, well before the trial date he gave his attorney the names of four persons who would testify in support of the alibi. His attorney called the witnesses at trial, but only spoke to them, collectively, for about three minutes immediately before the trial. In affidavits submitted to the district court the alibi witnesses stated that the attorney spent most of that three minutes explaining that the case was a "bad one." They said that they were not questioned about the source of their knowledge of Ortiz' whereabouts, nor were they advised of any questions that they might be asked at trial.

Further, the affidavits stated that two of the witnesses understood little English. The trial attorney refused petitioner's request that he ask the court to appoint an interpreter to aid the two while testifying.

At trial, the four witnesses testified that Ortiz was asleep at his parents' home at the time of the crime. On cross-examination their testimony was shown to be somewhat inconsistent and weak. The trial judge disbelieved them and convicted Ortiz. Following the conviction, the judge commented that Ortiz:

" . . . brought four people up here to testified falsely [sic]. All four of them contradicted each other. This man was no more in that apartment than I was on April 5, and the people who put him in the penitentiary are his own witnesses who came here and lied under oath . . and he has aggravated the whole situation by bringing his family members into this here court to lie under oath, and I think they should be indicted for perjury." Tr. 119–121.

The petitioner argues that his trial attorney's cursory preparation of the alibi witnesses and the attorney's refusal to request the appointment of an interpreter constituted a denial of his right to the effective assistance of counsel secured by the Sixth and Fourteenth Amendments. He further argues that the inadequate preparation prejudiced his trial, as evidenced by the judge's strong reaction on the record to the witnesses' testimony.

The district court agreed with the petitioner that his trial attorney's preparation of witnesses fell below the minimum standard of professional representation, but held that a new trial was not required since the petitioner had failed to show that his attorney's inadequate representation prejudiced his defense. We affirm the district court's decision by declining to accept the conclusion that the trial attorney's representation fell below the minimum standard of professional representation.

■ In this Circuit a petitioner asserting a lack of effective assistance of counsel in a criminal case must prove that his counsel's performance did not meet "a minimum standard of professional representation." *United States ex rel. Williams v. Twomey,* 510 F.2d 634 (7th Cir. 1975); *Matthews v. United States,* 518 F.2d 1245 (7th Cir. 1975). This test is applicable to cases in which

counsel is retained by or for the accused as well as to cases in which counsel is appointed to represent an indigent defendant. *United States ex rel. Williams v. Twomey, supra* at 640; *Craig v. United States,* 217 F.2d 355, 359 (6th Cir. 1954).

In evaluating a claim of inadequate representation:

"Much depends on the nature of the charge, of the evidence known to be available to the prosecution, of the evidence susceptible of being produced at once or later by the defense, and of the experience and capacity of defense counsel." *United States ex rel. Williams v. Twomey, supra* at 639; *Matthews v. United States, supra* at 1246.

Examining these factors in the context of the petitioner's charge, we cannot agree with the district court that the petitioner was denied the right to effective counsel. First, the charge was a simple one, robbery. The only issue at trial was whether the petitioner had committed the act. Second, the prosecution's case was straightforward and known to the defense. Defense counsel knew by way of pretrial discovery that the prosecution's only evidence was the identification of Ortiz by the robbery victim and a statement Ortiz made to a police officer.

Third, the only significant evidence susceptible of being produced by the defense was the alibi supported by the testimony of Ortiz and the four witnesses mentioned before. Petitioner has not shown, or even alleged, that the alibi evidence was not brought out at trial. Although the testimony of the alibi witnesses differed incidentally, the core of their testimony was substantially the same. As the district court found:

"All of the alibi witnesses did support the claim that Ortiz was in his father's home at the time of the robbery. Although their answers at times were not perfectly responsive to the line of questioning, their testimony as a whole was clear and consistent enough. There is no showing that their testimony would have been substantially different had Bradley prepared them more adequately." 404 F.Supp. at 272.

Fourth, the record shows that trial counsel was experienced in handling criminal cases.

■ While the trial counsel's performance in the preparation and presentation of the alibi witnesses was not a sterling one, we cannot say that he failed to meet minimum professional standards. In light of the simple nature of the case, the experience of counsel, and the absence of a showing that with more preparation the witnesses' testimony would have been substantially different, we hold that the trial counsel's cursory preparation of alibi witnesses did not constitute inadequate representation in this instance.

■ In addition to the alleged failure to prepare alibi witnesses adequately, petitioner also alleged that his trial counsel (1) failed to investigate the fact that petitioner usually wore glasses, (2) failed to obtain and to attempt to suppress petitioner's statement that he was in the area when the robbery occurred, (3) failed to move to suppress the identification, and (4) was incompetent because he was later disbarred for accepting fees without providing services for other clients. The district court rejected these allegations for the following respective reasons: (1) the defense that Ortiz wore glasses was simply too flimsy to overcome the strong identification, (2) the statement of petitioner that he was in the area at the time of the robbery, while probably suppressible under *Miranda* if presented by the government in its case-in-chief, was properly used only for impeachment purposes (*Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971)), (3) Mrs. Long's pre-lineup identification of Ortiz was not in any way suspect and probably would not have been suppressed, and (4) the subsequent disbarment of the counsel for reasons having nothing to do with the instant case was irrelevant to his performance at petitioner's trial. We agree with the district court in its disposition of these allegations.

## II.

With regard to the petitioner's argument that his identification by the victim should have been suppressed because the police used impermissibly suggestive procedures, we affirm the finding of the district court for the reasons stated by the district judge in his memorandum decision.

AFFIRMED.