UNITED STATES of America ex rel.
Roosevelt CASTLEBERRY,
Petitioner,

v.

Allyn R. SIELAFF, Director of Corrections, and Joseph Cannon, Warden, Illinois State Penitentiary Joliet, Illinois, Respondents.

UNITED STATES of America ex rel.
Otto DEAN, Petitioner,

v.

Allyn R. SIELAFF, Director of Corrections, and Tom Israel, Warden, Illinois State Penitentiary Menard, Illinois, Respondents.

UNITED STATES of America ex rel.
Gene DEAN, Petitioner,

v.

Allyn R. SIELAFF, Director of Corrections, and Vernon Housewright, Warden, Illinois State Penitentiary, Respondents.

Nos. 76 C 4080, 76 C 4079 and
76 C 4078.

United States District Court,
N. D. Illinois, E. D.

Jan. 16, 1978.

Victoria J. Meyers, Chicago, Ill., for petitioners.

William J. Scott, Atty. Gen. of Ill., Melbourne Noel, Jr., Asst. Atty. Gen.; Chicago, Ill., for respondents.

## MEMORANDUM OPINION

MARSHALL, District Judge.

After a jury trial in the Circuit Court, Criminal Division, of Cook County, Illinois, during which they were represented by privately retained counsel, petitioners were each convicted of the crime of rape (Ill.Rev. Stat.1963, ch. 38, ¶ 11–1) and each was sentenced to a term of forty to sixty years in the state penitentiary. The Public Defender was appointed to represent them on appeal, and their convictions were affirmed (*People v. Dean*, 78 Ill.App.2d 2, 233 N.E.2d 175). The Illinois Supreme Court denied their petition for leave to appeal. Thereafter, petitioners filed a *pro se* post-conviction petition, pursuant to Ill.Rev.Stat., ch. 38, § 122–1 *et seq.*, followed by an amended petition which was dismissed. On appeal from that dismissal, and on stipulation, the Appellate Court of Illinois reversed and remanded. Another attorney was appointed to represent petitioners and a second amended post-conviction petition was filed and subsequently denied without an evidentiary hearing. On appeal, that denial was affirmed by the Appellate Court of Illinois (28 Ill.App.3d 196, 328 N.E.2d 130).

Having exhausted their state court remedies, each petitioner filed a petition for federal habeas corpus pursuant to 28 U.S.C. § 2254 (1970). Upon respondents' motion the three actions were consolidated for all purposes by this court.

Each of the identical petitions raises two basic issues: (1) whether petitioners were denied the right to effective assistance of counsel secured by the Sixth and Fourteenth Amendments and, (2) whether petitioners were denied due process of law as guaranteed by the Fourteenth Amendment by the failure of the trial court to instruct the jury as to the presumption of innocence and the state's burden of proving each element of the crime beyond a reasonable doubt.

While respondents have moved to dismiss the petitions for failure to state a claim upon which relief can be granted, the entire state court record has been presented for us

and the merits of petitioners' claims have been fully briefed. We have carefully reviewed the state court record and have concluded that petitioners are entitled to the relief they seek and we grant summary judgment in their favor.

## I.

### Effective Assistance of Counsel

■ In this Circuit a petitioner asserting a lack of effective assistance of counsel in a criminal case must prove that his counsel's performance did not meet "a minimum standard of professional representation." *United States ex rel. Williams v. Twomey,* 510 F.2d 634 (7th Cir. 1975); *Matthews v. United States,* 518 F.2d 1245 (7th Cir. 1975); *United States ex rel. Ortiz v. Sielaff,* 542 F.2d 377 (7th Cir. 1976).[1] This test is applicable to cases in which counsel is retained by or for the accused as well as to cases in which counsel is appointed to represent an indigent defendant. *United States ex rel. Williams v. Twomey, supra* at 640; *Craig v. United States,* 217 F.2d 355, 359 (6th Cir. 1954); *United States ex rel. Ortiz v. Sielaff, supra* at 380. In any evaluation of a claim of inadequate assistance of counsel "[m]uch depends on the nature of the charge, of the evidence known to be available to the prosecution, . . . by the defense, and of the experience and capacity of defense counsel." *United States ex rel. Williams v. Twomey, supra* at 639; *Matthews v. United States, supra* at 1246; *United States ex rel. Ortiz v. Sielaff, supra* at 380. A careful examination of these factors, in view of the facts of this case, reveals that petitioners have shown that their trial attorney's performance fell below a minimum standard of professional representation.

■ Petitioners were represented at trial by the same attorney, Joseph Keig, Sr., who was 72 years old at the time and in a physically deteriorating condition. He was almost completely blind in one eye and suffered impaired vision in the other. His hearing was severely impaired as evidenced by numerous instances during the trial where he asserted his inability to hear the witnesses and the closing argument of the assistant state's attorney. He entered the case on the day it proceeded to trial, evidently as the result of his representation of a relative of one of the petitioners in a related federal civil rights action. He made no pre-trial motions or requests. Evidently he was unaware that Gene and Otto Dean had been granted a severance from Roosevelt Castleberry as a result of an earlier motion made in their behalf by other counsel. Thus, in the face of the order granting the severance, Mr. Keig proceeded to a joint trial of all three defendants.

In his opening statement he accused the assistant state's attorney of prejudice against the defendants because of their race. Acknowledging that he had little, if any, experience in the defense of criminal matters, his opening statement dwelt upon alleged police misconduct toward other persons who had absolutely nothing to do with the rape case.

During the course of the trial, he disclosed to the jury that the defendants were also under indictment for kidnapping the alleged rape witness. He elicited from the complaining witness on cross examination that she was pregnant at the time of the alleged rape.

Evidence adduced by the State showed that the complaining witness had bruises on the left side of her face after the alleged incident. In his closing argument, he stated without any basis in the record that the complaining witness had been beaten by her husband. He capped this assertion with the statement, "and I don't blame him much. I don't believe in men beating women. But if there ever was a woman who needed a beating, she was it. I don't know whether she is oversexed or what."

He was twice asked by the trial court whether he had any instructions to offer in behalf of the defendants. (The case was

---

1. On direct review the Illinois Appellate Court applied the now discredited "sham and mockery" test to petitioners' contention that they were denied the effective assistance of counsel. *People v. Dean, supra.*

tried before the Illinois Supreme Court had approved Illinois Pattern Instructions in criminal cases.) He stated that he did not wish to tender any instructions. As a consequence, the trial court failed to instruct the jury that the defendants were presumed innocent and that the State was obliged to prove beyond a reasonable doubt that the intercourse was by force and against the will of the complaining witness.

We recognize that the charge made against petitioners was a relatively simple one. *United States ex rel. Ortiz v. Sielaff, supra* at 380. And the evidence adduced against them was substantial: the testimony of the complaining witness as well as the testimony of a female co-defendant in whose apartment the rapes allegedly occurred. Nevertheless petitioners were entitled to representation which met a minimum standard of professional competence. Our review of the record convinces us that they did not receive that representation and accordingly were denied the effective assistance of counsel guaranteed them by the Sixth and Fourteenth Amendments to the Constitution.

## II.

*Failure to Instruct the Jury Regarding Presumption of Innocence and State's Burden of Proof Beyond a Reasonable Doubt*

■ The state court record discloses that the trial court did not instruct the jury that petitioners were presumed innocent and that the burden was on the state to prove their guilt beyond a reasonable doubt.

■ In considering this ground for relief, it is important that we take cognizance of the fundamental distinction between the power a federal appellate court possesses to review the manner in which a trial has been conducted in a federal trial court and the power a federal court possesses when reviewing the manner in which a trial has

been conducted in a state court. In its review of a federal trial, the federal appellate court will, obviously, require the trial court to conform to constitutional standards. Additionally, the federal appellate court may require the federal trial court to follow procedures, deemed desirable from the viewpoint of sound judicial practice or dictated by statute, which are not mandated by the Constitution. On the other hand, in its review of a state court trial, a federal court has supervisory power only insofar as is necessary to compel compliance with those procedures mandated by the Constitution. A federal court has power to overturn a conviction in state trial court, only in the event of an error in violation of a right guaranteed to the defendant by the Constitution. *Cupp v. Naughten,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973).

■ This distinction is of significance in this case. The overwhelming majority of federal decisions in this area deal with instructions by federal trial courts in terms of reversible (not constitutional) error. Thus, if petitioners had been convicted in a federal court the convictions would be reversed.[2]

The presumption of innocence operates in favor of an accused, by virtue of which he must be acquitted when brought to trial, unless he is proved guilty. The presumption, combined with whatever evidence the accused may produce, is set against the evidence against him. The measure by which the evidence against the accused must outweigh the combination of evidence for the accused and the presumption of his innocence is the reasonable doubt standard. A reasonable doubt, or the lack of a reasonable doubt, is the product of this balancing process in which the presumption of innocence is an item of great weight. *Coffin v. United States,* 156 U.S. 432, 15 S.Ct. 394, 39 L.Ed. 481 (1894).

■ Due process requires that in criminal proceedings the state prove guilt beyond a reasonable doubt. *In re Winship,* 397 U.S.

---

**2.** A defendant in a federal trial court is entitled to have his jury apprised of the reasonable doubt standard, and its corollary, the presumption of innocence. *United States v. Lawson,*

507 F.2d 433, 441 (7th Cir. 1974) *quoting Holland v. United States,* 209 F.2d 516, 522–23 (10th Cir. 1954).

358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). In a jury trial this constitutional safeguard can be assured only through adequate instructions to the jury. Certainly refusal by a state court to instruct on the presumption of innocence and the state's burden of proving guilt beyond a reasonable doubt would be error of constitutional proportions. In the present case because of the inadequate representation provided petitioners it cannot be said that the trial court refused such an instruction for none was requested. Nonetheless state courts have a duty to safeguard constitutional rights on their own initiative. The standard is not a complex one in which a trial court needs assistance in phrasing the charge. One would expect a trial judge to so instruct the jury in a criminal case as a matter of course.

Respondents urge that the closing arguments of counsel adequately advised the jury of the state's burden of proof. But the closing arguments by the state did not acknowledge the burden. And the urgings of a defense advocate are no substitute for the calm admonition of a judge that one accused of crime is presumed innocent of the charge and the prosecution must overcome that presumption by proof beyond a reasonable doubt.

We conclude that the state court's failure to instruct the jury on the presumption of innocence and the burden of proof beyond a reasonable doubt was error of constitutional magnitude which vitiated petitioners' convictions.

A judgment will enter setting aside the convictions of Roosevelt Castleberry, Otto Dean and Gene Dean in Cause 64–3311 in the Circuit Court of Cook County, Illinois, Criminal Division, and respondents are ordered to release petitioners unless they are granted a new trial within 120 days hereof.