UNITED STATES of America ex rel. Roosevelt CASTLEBERRY, Petitioner,

v.

Allyn R. SIELAFF, Director of Corrections and Joseph Cannon, Warden, Illinois State Penitentiary, Joliet, Illinois, Respondents.

UNITED STATES of America ex rel. Otto DEAN, Petitioner,

v.

Allyn R. SIELAFF, Director of Corrections and Tom Israel, Warden, Illinois State Penitentiary, Menard, Illinois, Respondents.

UNITED STATES of America ex rel. Gene DEAN, Petitioner,

v.

Allyn R. SIELAFF, Director of Corrections and Vernon Housewright, Warden, Illinois State Penitentiary, Respondents.

No. 76 C 4080, 76 C 4079 and 76 C 4078.

United States District Court, N. D. Illinois, E. D.

March 14, 1978.

**456**

Victoria J. Meyers, Chicago, Ill., for petitioners.

William J. Scott, Atty. Gen. of Ill., Melbourne Noel, Jr., Asst. Atty. Gen., Chicago, Ill., for respondents.

## MEMORANDUM ORDER ON RESPONDENTS' MOTION FOR RECONSIDERATION

MARSHALL, District Judge.

Respondents urge us to reconsider our ruling of January 16, 1978 setting aside the convictions of petitioners Roosevelt Castleberry, Otto Dean and Gene Dean upon the ground that we did not find that prejudice or harm resulted to petitioners by the inadequate representation afforded them. In *United States ex rel. Ortiz v. Sielaff*, 404 F.Supp. 268 (N.D.Ill.1975) we denied habeas relief because petitioner had failed to show prejudice or harm. Our decision on the merits was affirmed by the Court of Appeals at 542 F.2d 377 (7th Cir. 1976). In its opinion of affirmance the Court of Appeals did not address itself to our view that prejudice or harm must be shown; rather, it held that the representation afforded Ortiz was adequate.

In light of the history of Ortiz we are somewhat tentative about the correctness of our decision in that case. Nonetheless for the reasons there stated we believe that prejudice or harm is an essential element of a habeas petitioner's allegation that he was denied the effective assistance of counsel.

Turning to the facts in this case, prejudice and harm have been abundantly shown. Although the evidence of guilt was substantial—the testimony of the alleged rape victim and the corroboration of a co-defendant who testified for the state—in all of the circumstances we believe that the victim's testimony was subject to attack and disbelief. The corroboration evidence by the former co-defendant was not of the nature as to independently establish the offense. The victim testified that she was abducted at mid-morning from a very busy intersection in the downtown loop area of the City of Chicago. It is not for us to say that this did not occur. We do say, however, that her testimony warranted searching and effective cross examination and the presentation of a rational defense.

Petitioners received neither. The trial as reflected by the state court record was truly a shambles from a defense standpoint for the reasons we have previously stated.

Accordingly we find that petitioners have adequately demonstrated prejudice and harm flowing from the inadequate representation which they received. We adhere to our earlier view that the state court's failure to instruct the jury regarding the presumption of innocence and the state's burden of proof are separate and distinct constitutional errors. *See United States ex rel. Smith v. Pavich*, 568 F.2d 33, 40 n. 5 (7th Cir. 1978): ". . . [S]ince the ultimate responsibility for a fair charge remains with the judge, he must exercise special care in his charge to protect the defendant's rights." The motion to reconsider is denied and respondents are ordered to release petitioners from further incarceration unless petitioners are granted a new trial within 120 days hereof.