**UNITED STATES of America, Plaintiff,**

v.

**Joseph W. FEEKES, Defendant.**

**Nos. 82–CR–90, 82–CR–112.**

United States District Court,
E.D. Wisconsin.

March 20, 1984.

---

Joseph W. Feekes, pro se.

Joel R. Levin, U.S. Atty., Milwaukee, Wis., for plaintiff.

DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The defendant in these cases has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having considered Mr. Feekes' motion, the answer of the United States Attorney, and the files and records of this case, I conclude that the motion must be denied.

On July 20, 1982, Mr. Feekes pled guilty, pursuant to a plea agreement, to a one-count information that charged him with

having committed a robbery on February 3, 1982, at the First Savings Bank in West Allis, Wisconsin (case no. 82–CR–90). On August 27, 1982, also in accordance with a plea agreement, Mr. Feekes pled guilty to a second one-count information charging him with having committed a robbery on January 22, 1982, of the Tri-City National Bank in West Allis (case no. 82–CR–112). On August 27, 1982, I sentenced Mr. Feekes to 25 years imprisonment for the robbery charged in case no. 82–CR–90 and 10 years consecutive imprisonment for the robbery charged in case no. 82–CR–112.

■ Mr. Feekes' present motion challenges the sentences in both cases; his motion contains a technical flaw, since Rule 2(c), Rules Governing Proceedings in the United States District Courts under Section 2255 of Title 28, United States Code, provides that a motion under that section shall be limited to a claim for relief against no more than one judgment of the district court. However, this procedural defect will be ignored, since the plea agreement in question actually encompassed both cases and the issues involved are the same in both.

The first ground on which Mr. Feekes challenges his sentences in cases 82–CR–90 and 82–CR–112 is that no factual basis existed for his guilty pleas. At the plea and sentencing proceedings, Mr. Feekes indicated that he could not remember committing the specific robberies charged, due to his heavy drug use at the time. He now asserts that his lapse of memory necessitates a determination that there was no factual basis for his guilty pleas and that the pleas are therefore invalid.

At the time the pleas were taken, the government presented offers of proof concerning the offenses alleged. The factual basis for the robbery in no. 82–CR–90 included three eyewitnesses, two of whom had positively identified Mr. Feekes as the robber from both photographs and a live line-up. Transcript of July 20, 1982, arraignment and plea proceeding at 14–16 (hereinafter July 20 Tr.). The government's offer of proof also included a sur-

veillance photograph of Mr. Feekes in the bank during the robbery. *Id.* at 16. The offer of proof in case no. 82–CR–112 included two eyewitnesses. At a line-up, one of these witnesses stated she was positive Mr. Feekes was the robber, while the other said she was "almost certain" he was the robber. Transcript of August 27, 1982, arraignment, plea and sentencing proceeding at 12 (hereinafter August 27 Tr.). At the plea and sentencing proceedings, Mr. Feekes' attorney stated that he had attended the line-up proceedings referred to in the offers of proof and that he believed the facts put forth by the government were correct. July 20 Tr. at 20–21; August 27 Tr. at 13.

■ Under the circumstances of the cases at issue, Mr. Feekes' memory difficulties do not render his pleas invalid for lack of a factual basis. As the United States Supreme Court stated in *North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970) (emphasis added),

"Thus, while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even if he is unwilling or *unable* to admit his participation in the acts constituting the crime."

The *Alford* case involved a defendant who maintained his innocence of the crime charged; nevertheless, the *Alford* Court found his guilty plea to be valid. In contrast, Mr. Feekes never denied committing the robberies in question. He acknowledged that he might have done them and that he remembered events similar to those described; however, he could not recall enough details to allow him to identify the specific banks involved. July 20 Tr. at 17–18; August 27 Tr. at 11.

At the time of Mr. Feekes' guilty pleas, he and his attorney were thoroughly ques-

tioned as to the voluntariness of the plea and Mr. Feekes' understanding of it. July 20 Tr. at 9–14; August 27 Tr. at 6–10. Under repeated questioning, Mr. Feekes remained firm in his desire to plead guilty. July 20 Tr. at 21. Considering the strength of the government's case as reflected in its offers of proof, Mr. Feekes' unwavering intention to plead guilty, and the voluntary and understanding nature of his pleas, I conclude that a factual basis for his pleas of guilty did exist and that the pleas cannot be invalidated based on the first ground asserted by Mr. Feekes. *See Alford,* 400 U.S. at 37–38 and 38 n. 10, 91 S.Ct. at 167–68 n. 10; *United States v. Beck,* 606 F.2d 814, 816 (8th Cir.1979) (plea is not invalid because defendant cannot remember committing the crime).

■■■■■ The second ground Mr. Feekes raises in support of his motion to vacate his sentences is that his mental capacity was in question at the time of the plea agreement. Mr. Feekes does not specify what aspects of his situation at that time cast doubt on his mental capacity. From the record of the plea and sentencing proceedings, the only factors that could have raised such a doubt are Mr. Feekes' inability to remember much of the period in which the crimes charged were committed and his prior drug use.

Prior drug use does not automatically render a defendant incompetent or necessitate a competency hearing. *See, e.g., Figueroa-Vazquez v. United States,* 718 F.2d 511 (1st Cir.1983). At the time of the first guilty plea, Mr. Feekes was extensively questioned about his use of drugs and alcohol and his ability to understand the proceedings. *See* July 20 Tr. at 7–9. Mr. Feekes indicated that he had not used drugs or alcohol for months, that he had never been treated for mental illness, and that he understood the proceedings. *Id.* at 8–9. Similarly, at the time of his second guilty plea Mr. Feekes indicated that he was not then under the influence of drugs or alcohol. August 27 Tr. at 6. Mr. Feekes' drug use months before the plea proceedings did not render him incompe-

tent to enter a guilty plea or raise any substantial doubt as to his competence.

■■■ Mr. Feekes' memory problems also do not establish his incompetency or the need for a competency hearing. As the Court of Appeals for the Seventh Circuit held in *United States v. Stevens,* 461 F.2d 317 (7th Cir.), *cert. denied,* 409 U.S. 948, 93 S.Ct. 292, 34 L.Ed.2d 218 (1972), amnesia as to the period in which the crime was committed is not equivalent to present incompetency to stand trial. In *United States ex rel. Heral v. Franzen,* 667 F.2d 633, 638 (7th Cir.1981), the court held that the degree of competency required to plead guilty is the same as that required to stand trial.

■■■ Under 18 U.S.C. § 4244, a competency hearing is required only when there is reasonable cause to believe that a defendant may be "presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense." Neither party requested such a hearing here. Mr. Feekes' responses during the plea and sentencing proceedings were rational and coherent. Furthermore, his attorney represented to the court that Mr. Feekes understood the proceedings. July 20 Tr. at 12. Under all the circumstances, there was no reasonable cause to believe that Mr. Feekes was incompetent to enter a guilty plea, and there was no requirement that a hearing be held or the matter further investigated.

The final two grounds that Mr. Feekes asserts as a basis for relief overlap each other. In each he urges that his counsel gave him ineffective assistance and therefore his guilty pleas were invalid. Mr. Feekes alleges no specific facts in support of this complaint. He asserts in general terms that his counsel failed to investigate, failed to act in Mr. Feekes' best interest regarding the plea agreement, and allowed him to enter the guilty pleas even though the counsel knew of Mr. Feekes' impaired ability intelligently to make a plea agreement.

■■■ These assertions are too conclusory to warrant granting Mr. Feekes the relief

he seeks or to require that an evidentiary hearing be held on the issue. *See, e.g., Matthews v. United States,* 518 F.2d 1245 (7th Cir.1975); *Packnett v. United States,* 435 F.2d 693 (5th Cir.1970). My determination that relief should be denied based on Mr. Feekes' assertions of ineffective representation finds further support in the record of the plea and sentencing proceedings. That record indicates that Mr. Feekes' attorney considered possible defenses and technical motions before deciding that the plea bargain would be the best course of action. August 27 Tr. at 15–16. The record also demonstrates that Mr. Feekes' counsel had sound reasons for believing that the guilty plea was in his client's best interests: the plea agreement eliminated the possibility that Mr. Feekes would be charged with numerous other robberies, *id.* at 15, and the government's case as to the two robberies charged was apparently very strong.

Therefore, IT IS ORDERED that the defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence be and hereby is denied.

IT IS ALSO ORDERED that Mr. Feekes' motions for an extension of time to file a traverse to the government's answer and for a trial transcript be and hereby are dismissed as moot.