## HEYNACHER v. UNITED STATES.*

(Circuit Court of Appeals, Eighth Circuit. April 15, 1919.)

No. 5210.

1. CRIMINAL LAW ⟾1134(3)—APPEAL—NECESSITY OF REVIEW.
    Where the punishment imposed did not exceed that authorized for one of two offenses, if no error was committed in respect to such offense, the other need not be considered.

2. ARMY AND NAVY ⟾40—ESPIONAGE ACT—VALIDITY.
    Espionage Act June 15, 1917, tit. 1, § 3 (Comp. St. 1918, § 10212c) is valid. The obstruction of the military service of the United States need not be by physical acts, but may be by written or spoken words, and the government is not required to show that some particular person was dissuaded from entering the service.

3. CRIMINAL LAW ⟾683(1)—ESPIONAGE ACT—REBUTTAL EVIDENCE.
    In a prosecution for violating Espionage Act, tit. 1, § 3 (Comp. St. 1918, § 10212c), by attempting to cause disloyalty in the military forces and by obstructing recruiting, a letter from defendant to the president of the German-American Alliance of his state, inclosing a newspaper clipping telling of the escape of a German soldier, who told of the brutality of German officers, conditions behind the German lines, etc., with defendant's comment, "What kind of a swine is this?" *held* admissible to rebut the effect of defendant's evidence that he was a member of the Red Cross and gave free posting to army and navy advertisements on his bill boards, etc.

⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied September 1, 1919.

In Error to the District Court of the United States for the District of South Dakota; Jas. D. Elliott, Judge.

Walter Heynacher was convicted of violating the Espionage Act, and he brings error. Affirmed.

W. F. Mason, of Aberdeen, S. D., for plaintiff in error.

Robert P. Stewart, U. S. Atty., of Deadwood, S. D. (Edmund W. Fiske, Asst. U. S. Atty., of Sioux Falls, S. D., and George Philip, of Rapid City, S. D., on the brief), for the United States.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. [1] The plaintiff in error was convicted of violations of section 3, title 1, of the Espionage Act of June 15, 1917 (40 Stat. 217 [Comp. St. 1918, § 10212c]), charged in two counts of an indictment—first, by causing and attempting to cause disloyalty, etc., in the military forces of the United States; and, second, by obstructing the recruiting and enlistment service of the United States when it was at war with the Imperial German government. The sentences under the two counts were the same and were to run concurrently. The punishment imposed did not exceed that authorized by the statute for the latter offense, consequently if no error was committed in respect of that offense the other need not be considered. Evans v. United States, 153 U. S. 584, 14 Sup. Ct. 934, 38 L. Ed. 830.

[2] The charge was that on or about December 15, 1917, the accused willfully obstructed the recruiting and enlistment service by publicly saying to a young man who was eligible to enlistment and subject to conscription:

"That he should not enlist; that the present war was all foolishness and (a vulgar word which need not be repeated), and that my talk of enlisting was all nonsense; that the war was for the big bugs in Wall Street; that it was all foolishness to send our boys over there to get killed by the thousands, all for the sake of Wall Street; that he should not go to war until he had to."

There was substantial evidence in support of the verdict and it need not be recited here. The constitutionality of the clause of the Espionage Act in question, that the obstruction of the service need not be by physical act but may be by written or spoken words, and that the government is not required to show that some particular person was dissuaded from entering the service, have been so frequently decided by this and other courts that reference to the many cases is unnecessary. In Schenck v. United States, 249 U. S. 47, 39 Sup. Ct. 247, 63 L. Ed. —— (March 3, 1919), the court said:

"The question in every case is whether the words used are used in such circumstances and are of such a nature as to create a clear and present danger that they will bring about the substantive evils that Congress has a right to prevent."

See, also, Debs v. United States, 249 U. S. 211, 39 Sup. Ct. 252, 63 L. Ed. —— (March 10, 1919).

The indictment and the evidence at the trial were sufficient under the statute.

[3] There is a complaint about the admission of evidence. In defense the accused showed that he was a member of the Red Cross and that he gave free posting on a system of billboards which he controlled of advertisements for the army and navy, the various government war loans, and the food and fuel administrations, amounting in value to several hundred dollars. This was to show his loyalty and the want of unlawful intent, and to give strength to his version of the language he used, which was quite different from that set forth in the indictment and testified to by witnesses for the government. To rebut this the government introduced as part of the cross-examination a letter of November 27, 1917, from the accused to the president of the German-American Alliance of his state, and a newspaper clipping inclosed with the letter. In the letter was the sentence:

"I cannot understand that you still won't recognize the services of Hans Demuth for the German interests of South Dakota."

This in itself was probably not very significant, but the newspaper clipping was an account of the escape of a certain German soldier to this country, who told of the brutality of some German officers, conditions behind the German lines, etc. Upon this clipping the accused had written, "What kind of a swine is this?" It is contended that the court erred in receiving this evidence, but it is clear that it was properly admitted. It tended to show that the public manifestations of loyalty on which the accused relied for the purposes mentioned should not receive the full consideration he claimed for them. There is nothing else in the assignments of error that is substantial.

The sentence is affirmed.