**12**

## PELLEY v. BOTKIN.

### No. 8925.

United States Court of Appeals.
District of Columbia.

Argued Oct. 17, 1945.

Decided Nov. 13, 1945.

Mr. William J. Powers, of Chicago, Ill., of the Bar of the Supreme Court of Illinois, pro hac vice, by special leave of court, with whom Mr. James J. Laughlin,

of Washington, D. C., was on the brief, for appellant.

Mr. Charles B. Murray, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, of Washington, D. C., was on the brief, for appellee. Messrs. O. John Rogge and Joseph W. Burns, Special Assistants to the Attorney General, and Philip R. Miller, Special Attorney, Department of Justice, of Washington, D. C., entered appearances for appellee.

Before EDGERTON, WILBUR K. MILLER and PRETTYMAN, Associate Justices.

WILBUR K. MILLER, Justice.

William Dudley Pelley appeals from an order of the District Court of the United States for the District of Columbia denying his petition for a writ of habeas corpus.

The appellant was convicted in the District Court for the Southern District of Indiana of violating the Espionage Act of 1917, 50 U.S.C.A. Secs. 33, 34, and on August 12, 1942, was sentenced to fifteen years imprisonment. On his appeal to the Circuit Court of Appeals, the judgment was affirmed, and the Supreme Court refused certiorari.

In October, 1943, while he was serving the Indiana sentence, the appellant and other persons were indicted in the District of Columbia, charged with conspiring with others, including officials of the German Reich and members of the Nazi party, to undermine the loyalty, discipline and morale of the armed forces of the United States. The indictment was returned under the provisions of the Act of June 28, 1940, U.S.C.A. Title 18, Secs. 9–13, inclusive. Having been brought to the District of Columbia to answer this indictment, the appellant and others indicted with him were there put to trial in the District Court on April 17, 1944. A mistrial was declared on December 7, 1944, because of the death of the presiding Judge. The appellant is still confined awaiting trial under the pending indictment.

On December 6, 1944, the appellant filed in the court below a petition for a writ of habeas corpus, the dismissal of which resulted in this appeal.

The application for habeas corpus recites the facts concerning appellant's conviction in Indiana and his unsuccessful appeal. It also sets forth the subsequent indictment

in the District of Columbia, the proceedings had in the lower court which ended in a mistrial, and the continued pendency of the indictment at the time the petition was prepared and presented. As grounds for a writ of habeas corpus, the appellant alleges that the statute under which he was indicted in the District of Columbia, 18 U.S.C.A. §§ 9–13, inclusive, is unconstitutional. The appellant argues in this court that the Espionage Act of 1917, under which he was convicted in Indiana, violates constitutional provisions, although his petition does not contain a direct allegation to that effect.

The question presented here simply is whether the appellant is unlawfully confined. His application shows that he is held in custody to await trial under an indictment which accuses him of violating a statute of the United States. He seeks to be released solely because of the alleged unconstitutionality of that statute.

▉▉▉ At his trial in the District Court, which has not yet been had, the appellant will have an opportunity to assert the invalidity of the statute under which he was indicted. As the hearing on habeas corpus is not intended as a substitute for the functions of a trial court, the appellant's application is premature. Disputed questions of law and fact must be determined originally by the trial court. When the constitutionality of the statute upon which a charge is based is assailed, the trial court must determine the question so raised. The statutory enactment involved here is not "plainly and palpably void" and so the presumption is in favor of its validity.[1] These principles, which have been clearly enunciated by the Supreme Court, when applied to the present case make it plain that the District Court acted properly in denying the petition for the writ.[2]

▉▉▉ The conclusion having been reached that, before trial in the District Court where the indictment pends, the appellant may not test, by means of habeas corpus proceedings, the validity of the statute which he is charged with violating, it is unnecessary to discuss other questions raised and argued by him.

Affirmed.

---

[1] Henry v. Henkel, 235 U.S. 219, 230, 35 S.Ct. 54, 59 L.Ed. 203.

Moreover, an earlier and somewhat similar statute (Espionage Act of 1917, U.S. C.A. Title 50, Sec. 33) was adjudged to be constitutional. Heynacher v. United States, 8 Cir., 257 F. 61, certiorari denied 250 U.S. 674, 40 S.Ct. 54, 63 L.Ed. 1201; Dodge v. United States, 2 Cir., 258 F. 300, certiorari denied 250 U.S. 660, 40 S. Ct. 10, 63 L.Ed. 1194; United States v. Pierce, 252 U.S. 239, 40 S.Ct. 205, 64 L. Ed. 542; Equi v. United States, 9 Cir., 261 F. 53, certiorari denied 251 U.S. 560, 40 S.Ct. 219, 64 L.Ed. 414; Frohwerk v. United States, 249 U.S. 204, 39 S.Ct. 249, 63 L.Ed. 561; Schenck v. United States, 249 U.S. 47, 39 S.Ct. 247, 63 L. Ed. 470; Debs v. United States, 249 U.S. 211, 39 S.Ct. 252, 63 L.Ed. 566. The Alien Registration Act, involved here, also has been upheld. Dunne v. United States, 8 Cir., 138 F.2d 137. Certiorari was denied in that case, 320 U.S. 790, 64 S.Ct. 205, 88 L.Ed. 476 and rehearing also was denied, 320 U.S. 814, 815, 64 S.Ct. 260, 88 L.Ed. 492.

[2] Henry v. Henkel, supra.