**Philip JOHNSON, Petitioner–Appellant,**

v.

**John ASHCROFT, U.S. Attorney General, Respondent– Appellee.** °

---

1. District Judge William Sessions, III, is sitting by designation from the United State

**Philip Johnson, Petitioner–Appellant,**

v.

**Janet Reno, Respondent–Appellee.**

**Nos. 01–2298, 02–2090.**

United States Court of Appeals, Second Circuit.

July 17, 2002.

Philip Johnson, Pro Se, Metropolitan Detention Center, Brooklyn, NY, for Appellant.

Scott A. Dunn, Esq., U.S. Attorney's Office, Brooklyn, NY, for Appellee.

Present McLAUGHLIN, F.I. PARKER, and SESSIONS, III,[1] Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the United States District Court for the Eastern District of New York be and it hereby is AFFIRMED.

Petitioner-appellant Phillip Johnson, *pro se, in forma pauperis* and incarcerated by the Bureau of Prisons, appeals from two orders of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*), dated April 30, 2001, and January 28, 2002. The January 28, 2002 order denied Johnson's first habeas corpus petition, which sought relief against the Immigration and Naturalization Service ("INS"), and stated that the INS had properly denied Johnson's naturalization application. The April 30, 2001

District Court for the District of Vermont.

order closed the administrative record for Johnson's second habeas corpus petition, which Johnson filed *pro se.* We affirm both orders because the district court lacked subject matter jurisdiction to entertain either petition. Johnson does not satisfy the "in custody" predicate of 28 U.S.C. § 2241(c) because he was not in the custody of the INS at the time he submitted his petitions for habeas relief. *See* 28 U.S.C. § 2241(c). Even if we construe Johnson's *pro se* petition liberally so as to conclude that it seeks relief from the Bureau of Prisons, we find that the petition would be premature because, at the time Johnson submitted the petition, his criminal trial had not yet commenced. For the reasons set forth above, we AFFIRM. Furthermore, Johnson's motion for summary judgment in the 01–2298 appeal is DENIED.