[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 22, 2008
THOMAS K. KAHN
CLERK

No. 07-15294
Non-Argument Calendar

_____

D. C. Docket No. 07-80888-CV-DTKH

JULIEN GARCON,

Plaintiff-Appellant,

versus

PALM BEACH COUNTY SHERIFF'S OFFICE,
FLORIDA DEPARTMENT OF CORRECTIONS,
RICK BRADSHAW,
U.S. MARSHALS (Detainer),

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 22, 2008)**

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Julien Garcon, a federal prisoner proceeding pro se, appeals the district court's dismissal of his petition for habeas relief, 28 U.S.C. § 2241.[1] After a thorough review, we affirm.

While a pre-trial detainee, Garcon filed the instant habeas petition arguing (1) his indictment was invalid; (2) the court lacked jurisdiction to hear his criminal case; (3) counsel had been ineffective; (4) the grand jury was selected in a racially discriminatory manner; (5) his arrest warrant was not supported by probable cause; and (6) there were violations of the Speedy Trial Act. Upon the magistrate judge's recommendation, the district court dismissed the petition because Garcon had not been brought to trial as of the date of filing and he was represented by counsel in his up-coming criminal case. Garcon now appeals.

The availability of habeas relief under § 2241 is a question of law that we review de novo. Sawyer v. Holder, 326 F.3d 1363, 1364 n.4 (11th Cir. 2003). We note that since the filing of the instant petition, Garcon has been convicted of possession of a firearm by a convicted felon and was scheduled for sentencing.

Upon review, we conclude that the district court properly dismissed the

---

[1] The district court construed the habeas petition as brought under 28 U.S.C. § 2254 despite the fact that Garcon was a *federal* detainee at the time. Because Garcon was a federal pre-trial detainee, the petition should have been construed as brought pursuant to 28 U.S.C. § 2241. 28 U.S.C. § 2241(c)(1); Hughes v. Att'y Gen. Of Fla., 377 F.3d 1258, 1261-1261 (11th Cir. 2004).

petition.  The claims Garcon sought to raise are properly brought during his criminal case and subsequent direct appeal, should he choose to file one. Therefore, the instant petition was premature and was due to be dismissed.

AFFIRMED.