**Neb MORROW III, Petitioner,**

v.

**Duke TERRELL, Warden,
MDC, Respondent.**

**No. 10 Civ. 4110 (VM).**

United States District Court,
S.D. New York.

May 24, 2010.

Neb Morrow III, Brooklyn, NY, pro se.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Pro se petitioner Neb Morrow ("Morrow"), currently detained at Metropolitan Detention Center ("MDC") in Brooklyn, New York, brings this petition dated April 18, 2010 for a writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition").[1] The Government filed an indictment dated February 9, 2010 charging Morrow with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and brandishing a firearm in connection with the Hobbs Act conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) & (2) (the "Indictment"). Morrow is currently awaiting trial before this Court on the charges. *See United States v. Morrow,* No. 10 Cr. 102. The Court grants Morrow's application to

proceed in forma pauperis but dismisses the Petition without prejudice for the reason set forth below.

Morrow asserts in the Petition that the Indictment "does not allege any criminal conduct whatsoever in the 'Overt Acts' portion" of the document, which "therefore renders petitioner's detention unconstitutional. . . ." (Petition at 1.) He seeks dismissal of the Indictment and immediate release. (*See id.*) On several occasions at pretrial conferences in this action Morrow has referenced the matter of the Petition and the Court has informed him that proceeding pursuant to 28 U.S.C. § 2241 is not the proper course to the relief he seeks. Because the issues that Morrow raises, if resolved in his favor, would be dispositive of the underlying criminal charges for which he has been indicted, he must exhaust his claims at trial and on direct appeal before he can assert them in a habeas action. *See Johnson v. Ashcroft,* 40 Fed.Appx. 633, 634 (2d Cir.2002) (stating that where "criminal trial . . . not yet commenced[,]" § 2241 petition filed by federal detainee "premature" and district court lacks subject matter jurisdiction); *Garcon v. Palm Beach County Sheriff's Office,* 291 Fed.Appx. 225, 226 (11th Cir. 2008) (holding federal pretrial detainee's § 2241 petition premature where claims he asserts "are properly brought during his criminal case and subsequent direct appeal, should he choose to file one"). Morrow's trial is scheduled to begin next month, and Morrow will have the opportunity to address in that proceeding the issues he raises in the Petition.[2]

Accordingly, it is hereby

---

1. The Court's Pro Se Office received the Petition on April 26, 2010.

2. Morrow also has filed this application in the incorrect venue. In order to entertain a habeas corpus petition under § 2241, a court must have jurisdiction over the custodian of the petitioner. *See Rumsfeld v. Padilla,* 542 U.S. 426, 446, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) (proper respondent in habeas challenge is warden of facility where prisoner is being held); *Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 494–95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) (writ of habeas corpus does not act upon the prisoner who seeks relief, but upon his or her custodian).

**ORDERED** that the application of petitioner Neb Morrow III ("Morrow") for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed without prejudice.

As Morrow has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

**SO ORDERED.**

Because Morrow's custodian is the warden of MDC–Brooklyn in Kings County, New York, the proper venue for this § 2241 petition is the Eastern District of New York where that facility is located. *See* 28 U.S.C. § 112(c).