UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
LAFRANCES DUDLEY O'NEAL,                 )
                                        )
        Plaintiff,                       )
                                        )
        v.                               )       Civil Action No. 13-0180 (PLF)
                                        )
CLIFFORD KEENAN et al.                   )
                                        )
        Defendants.                      )
_____ )


MEMORANDUM OPINION

Pro se petitioner LaFrances Dudley O'Neal has filed a petition for a writ of

habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, the Court will deny her

petition and will dismiss this case.

LaFrances Dudley O'Neal is a defendant in a criminal case currently pending in

this Court before Judge Reggie B. Walton. See United States v. O'Neal, Criminal No. 11-0355-1

(RBW). On March 27, 2013, a jury found O'Neal guilty of three counts of bank fraud and one

count of conspiracy to commit bank fraud and mail fraud. See id. at Dkt. No. 111 (Verdict

Form). Her sentencing hearing is currently scheduled for September 4, 2013.

Ms. O'Neal filed this petition for a writ of habeas corpus on February 11, 2013,

shortly before her jury trial commenced. In her petition, she asserts that her pretrial detention is

unlawful for the following reasons: (1) she is actually innocent, as "[t]here exists no Act

processed by Congress that could become a valid statute"; (2) this Court lacks subject matter and

personal jurisdiction; (3) the indictment failed to allege a federal crime; (4) the U.S. Attorney

failed to disclose relevant material facts during trial; (5) the indictment failed to allege material

elements of the crime; (6) counsel was ineffective; (7) there were incurable defects in the indictment process; and (8) United States agents failed to disclose favorable evidence to the defendant. Pet. at 2-6 (Dkt. No. 1).[1]

"A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Because a defendant may not use the habeas process to collaterally attack an ongoing criminal proceeding in federal court, the Court finds that the petitioner is not entitled to a writ of habeas corpus and therefore declines to issue a show cause order.

Absent exceptional circumstances, a federal court may not entertain a habeas corpus petition by a defendant seeking to challenge aspects of her ongoing federal criminal trial, as "the hearing on habeas corpus is not intended as a substitute for the functions of a trial court." Pelley v. Botkin, 152 F.2d 12, 13 (D.C. Cir. 1945) (upholding dismissal of habeas petition where petitioner sought to challenge validity of statute under which he was indicted in separate and ongoing criminal proceedings); see also Gon v. Gonzales, 534 F. Supp. 2d 118, 119-20 (D.D.C. 2008) (dismissing habeas petition where petitioner could challenge pretrial detention order in underlying criminal proceeding). Ms. O'Neal has had the opportunity to raise her objections in the criminal case before Judge Walton, and she will have the opportunity to do so again on appeal. She must pursue her objections in the underlying criminal proceeding before presenting

---

[1] An application for the writ must "allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. It is not clear where Ms. O'Neal is detained, or whether she is detained at all. In her petition, she asserts that she currently is in the custody of "Pretrial Services located at 333 Constitution Ave, Washington D.C. 20001," which is the address of the United States Courthouse. See Pet. at 9.

them in a habeas corpus petition.  See Morrow v. Terrell, 715 F. Supp. 2d 479, 480 (S.D.N.Y. 2010) ("Because the issues that [petitioner] raises, if resolved in his favor, would be dispositive of the underlying criminal charges for which he has been indicted, he must exhaust his claims at trial and on direct appeal before he can assert them in a habeas action.").

For the foregoing reasons, the petition of LaFrances Dudley O'Neal for a writ of habeas corpus will be denied, and this action will be dismissed.  An Order accompanies this Memorandum Opinion.


/s/_____
PAUL L. FRIEDMAN
DATE:  August 9, 2013                    United States District Judge